# Wertheimer *v.* Ridgeway, *et al.*

### *Appeal From Order Denying Application for Re-hearing.*

(Decided Nov. 12, 1908.   47 South. 569.)

*Appeal and Error; Dismissal; Void Judgment.*—An appeal from an order of a judge, made in vacation, denying a petition for rehearing, filed under section 3342, Code 1896, will be dismissed, since under the provisions of section 3346, Code 1896, such petition must be tried before the court, and a trial and order entered by the judge in vacation is void.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. W. W. PEARSON.

Action between Lee Wertheimer, administrator and Ella Ridgeway and others. From a judgement denying the motion of Lee Wertheimer, administrator, for a rehearing, he appeals. Appeal dismissed.

JAMES W. STROTHER, for appellant. The order of a circuit judge denying an application for re-hearing is a final hearing from which an appeal will lie.—*Seymour v. Farquhar,* 95 Ala. 527; *O'Neal v. Kelly,* 75 Ala. 559; *Heflin v. Rock Mills Co.,* 58 Ala. 613; *Ex parte North,* 49 Ala. 385.

LACKEY & BRIDGES, for appellee. Void judgments will not support an appeal.—129 Ala. 305. The judgment was not such as will support this appeal.—1 Black on Judgment, secs. 171 and 215; Sec. 344, Code 1896; *Ex parte Farquhar & Sons,* 99 Ala. 375.

DOWDELL, J.—The appeal in this case is taken from an order of the circuit judge, made in vacation, denying the petition of appellant, asking for a rehearing,

under section 3342 of the Code of 1896. The case is here submitted primarily on motion to dismiss the appeal. This motion must prevail.

The judgment appealed from is unauthorized, and consequently a nullity. The judgment was rendered, not by any court, but by the judge in vacation. The statute (section 3346) provides that such petition, as in this case, must be tried by the court.—*Ex parte Farquhar & Son*, 99 Ala. 375, 11 South. 913. The judgment being a nullity, will not support an appeal.—*Adams v. Wright*, 129 Ala. 305, 30 South. 574. The cases cited by appellant were appeals from judgments of the court, and therefore do not apply here.

The appeal is dismissed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.