[Decker v. Decker, et al.]

# Decker *v.* Decker, *et al.*

### *Divorce and Alimony.*

(Decided April 4, 1912.   58 South. 195.)

*Divorce; Custody of Children.*—A decree purporting to make a mother's custody of her son permanent will not be construed as precluding the right of the father to have a further determination of such matter on a proper application to a court of competent jurisdiction, and therefore, will not be regarded as erroneous to reversal.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Ether M. Decker against George M. Decker for divorce, alimony and the custody of the child. From a decree for complainant, respondent appeals. Affirmed.

STREET & ISBELL, for appellant.   The only matter presented is the decree awarding permanent custody and control of Paul Decker to its mother, and it is insisted that the court erred in making this award permanent.—*Cornelius v. Cornelius,* 31 Ala. 479; *Mc-Gough v. McGough,* 136 Ala. 170.   Notwithstanding section 3808, Code 1907, the primary right to the custody of the child is in the father, and complainant should not have been given its custody.—29 Cyc. 1588; *Ex parte Boaz,* 31 Ala. 425; *Bryan v. Bryan,* 34 Ala. 516; *Goodrich v. Goodrich,* 44 Ala. 677

JOHN A. LUSK & SON, for appellee.   The decree cannot be construed as depriving the father of the right at a future time to reopen the matter of the custody of the child by an application to some court of competent jurisdiction.—*Bryan v. Bryan,* 34 Ala. 520; *Anonymous,* 55 Ala. 430; *Striplin v. Vann,* 36 Ala. 89; 139 Ala. 231.

**SUPREME COURT**

Under all the authorities, the paramount consideration is the welfare of the child.—15 A. & E. Enc. of Law, 182-187; 68 Ala. 299.

SAYRE, J.—In appellee's suit for divorce, alimony, and the custody of her children, the decree awarded relief as prayed, except that the custody and control of the elder child, a boy of eight years, was awarded to the defendant, appellant. The custody and control of the younger child, a boy of five, was awarded to complainant. Defendant appeals, but complains only of that provision of the decree which gave the younger child to the mother. He complains especially that the decree undertook to make the mother's custody permanent.

We will not enter upon a discussion of the testimony upon which the parties base their conflicting claims. It has been considered, but neither the interests of the child or parties, nor any purposes of precedent, are to be served by a statement of it. "Upon granting a divorce, the court may give the custody and education of the children of the marriage to either father or mother, as may seem right and proper, having regard to the moral character and prudence of the parents, the age and sex of the children."—Code, § 3808. As the case has been presented to us, we think it highly probable that the chancellor has wisely disposed of it in all material respects. He need not have made the mother's custody of the younger child permanent, for that custody would remain as fixed by the court until disturbed by the decree of some court having jurisdiction in the premises. But the court of chancery has jurisdiction, independent of any statute, over the custody of infant children.—*Bryan v. Bryan*, 34 Ala. 516. The court had no power, and we assume it did not intend, to fore-

close future action on the subject-matter of the child's custody, in case it shall be presented to a court of competent jurisdiction on some material change of status. The decree is conclusive of the interests of the child and the rights of the parents, so long as the status of the time of the decree remains without material change; but at any time the court will, on proper application and a hearing, make such dispositions as may seem right and proper in view of changed circumstances. So construed, the decree ought to be affirmed; and it is so ordered.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, and SOMERVILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.