# Hayes *v.* Hayes.

## *Divorce.*

(Decided April 15, 1915.  68 South. 351.)

1. *Appeal and Error; Order Appealable.*—An order modifying a divorce decree as to the custody of a child of the parties, rendered in vacation without the consent of the parties, or without any decree pro confesso, is not a final order within section 2837, Code 1907, and will not support an appeal.

2. *Same.*—The appellate courts have no jurisdiction to entertain an appeal from the orders of a chancery court, unless such orders are final, or are such interlocutory orders as the statute provides may be appealable.

3. *Infants; Custody; Jurisdiction.*—Independent of any statute, the chancery court has jurisdiction of the custody of infants, and it may modify any order as to custody as in its sound discretion may seem to be for the best interest of the infant.

4. *Divorce; Custody of Children; Modifying Order.*—Where a court of chancery has jurisdiction of a bill for divorce, and has rendered a decree of divorce with provisions as to the custody of a child of the parties, it has jurisdiction to modify the provision as to the custody, as changed conditions may from time to time demand.

5. *Appeal and Error; Review; Discretion.*—Except for an abuse of such discretion, rulings of a court resting largely in its discretion are not reviewable on appeal, as a general rule.

6. *Same; Remedy; Mandamus.*—Where a court of chancery has granted a divorce and rendered a decree as to the custody of the child of the parties, and at a subsequent term enters an order changing the custody of the child, the remedy of the party aggrieved is by mandamus and not by appeal.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Maggie Hayes filed a bill for divorce against John Arthur Hayes, and obtained a decree of divorce, but an order was entered granting the custody of a child of the parties to the father. From an order entered afterwards modifying the decree as to the custody of the child, the father appeals. Appeal dismissed.

[Hayes v. Hayes.]

STREET & ISBELL, for appellant.

JOHN A. LUSK & SON, for appellee.

GARDNER, J.—In the chancery court of Marshall county on November 14, 1913, a decree of divorce was awarded appellee, Maggie Hayes, against appellant John Arthur Hayes, on the ground of "actual violence upon her person," under provision of section 3795 of the Code, and in the decree the appellant was awarded the custody of a child named in the bill "until the further order of the court." In the same court on May 21, 1914, a decree or order was entered "by consent of the parties and solicitors in open court," providing for periodical visits by the child to the mother, and requiring appellant to permit such visits, etc., and the order expressly stated that it was "subject to change or modification by the court as it may deem proper at any time in the future." On June 27, 1914, appellee filed her petition in said court, setting up the remarriage of appellant, and that the child was being denied the association and attention of the mother, and being totally estranged and her affection alienated from the petitioner, her mother, and that appellant refused to permit the child to visit petitioner, as was expressly provided in the former order of the court. The petitioner prayed a modification of the former order or decree of the court in respect to the custody of said child, to the effect that petitioner should be given control of said child, that due notice issue to said John Arthur Hayes, and that a writ be issued for Hayes to show cause why he should not be committed for contempt. The petition appears to have been set down for a hearing on July 10, 1914, and a regular summons appears to have been issued and served.

On July 10th the chancellor entered an order modifying the former decree in respect to the custody of the child, and providing that petitioner, Maggie Hayes, should have the care and custody of the said child till further orders of the court. This order shows upon its face that it was rendered in vacation, on petition for modification of the decree rendered on May. 21, 1914, and also upon the rules of the court to show cause why he should not be committed for contempt, and the order recites: "It appearing to the court that the hearing of said petition was set down for this day, and that due and legal notice of the time and place of said hearing was served on the defendant, and the defendant making no defense of said petiton and not appearing at this time," etc.

From this decree or order of July 10, 1914, the said John Arthur Hayes prosecutes this appeal, and the only assignment of error relates to the rendition of this decree.

(1) It is insisted by counsel for appellant that the decree or order is a final one, coming within the provisions of section 2837 of the Code of 1907, and that it was rendered in vacation, without the consent of the parties, without any decree pro confesso; and in this connection we are cited by counsel to the case of *Adams v. Wright,* 129 Ala. 305, 30 South. 574. The case cited, however, would support the proposition that a decree rendered in vacation, without consent of the parties, or without coming within the provisions of any statute or rule governing the same, would be void and would not support an appeal, and that consequently the appeal would have to be dismissed.— *Wertheimer v. Ridgeway,* 157 Ala. 398, 47 South. 569; *Gartman v. Lightner,* 160 Ala. 202, 49 South. 412. We do not understand the case of *Johnson v. Johnson,* 182

Ala. 376, 62 South. 706, as affecting the principle declared in these cases, and it does not affect the question here involved.

The decree here appealed from shows on its face that it was rendered in vacation, without any appearance or consent, and such is the insistence of counsel. It follows, therefore, that the argument of counsel for appellant that the decree of July 10, 1914, was a final decree, and his further contention that it was rendered in vacation, without consent of parties and without the authority of statute or rule permitting the same, would logically lead to a dismissal of his appeal.

(2) "The Supreme Court is without jurisdiction to entertain an appeal from orders of the lower court in a pending suit in chancery, unless such decree or order is either a final decree or is one of the certain interlocutory orders provided by statute."—*McElroy v. Gadsden L. & I. Co.*, 126 Ala. 184, first headnote, 28 South. 660; *Ex parte Jonas*, 186 Ala. 567, 64 South. 960.

It is not insisted, and it could not be successfully done, that the decree of July 10th was such an interlocutory order or decree named in the statute from which an appeal may be prosecuted. From either viewpoint, therefore, it is clearly seen that the appeal must be dismissed.

(3, 4) While this might dispose of the cause, and a further discussion may be unnecessary, yet we wish to make it clear that we do not intend to indicate by what is here said that the decree of July 10th was in any sense such a final decree as would support an appeal. On the contrary, we entertain the view that it was a decretal order of an interlocutory nature, which the chancellor was authorized to enter, and from which the statute has authorized no appeal.

In *Pearce v. Pearce,* 136 Ala. 188, 33 South. 883, speaking somewhat to the question, it was said: "In proceedings of this nature, involving the custody and care of infants, the paramount consideration is the well-being and good of the infant. The rights of the petitioner are secondary in consideration. The infant is regarded as the ward of a court of chancery, and that court will not permit his well-being to be jeopardized by any judgment in a previous contest between the father and mother concerning his custody and care. The court may by its decrees change its custody from one parent to the other, as the interest and care of the infant may, in the judgment of the court, require. The character and purpose of the proceedings here are different from an action where only the rights of the parties litigating are involved."

In *McGough v. McGough,* 136 Ala. 170, 33 South. 860, it was said: "The decree in such cases, in awarding the custody of the children, while final in determining the present rights of the parties. * * * should be left open to future control and modification by the court, as subsequent conditions and circumstances might require for the good of the children, who are considered, in a sense, the wards of the chancery court."

A court of chancery has jurisdiction, independent of any statute, over the custody of infant children.—*Bryan v. Bryan,* 34 Ala. 516; *Decker v. Decker,* 176 Ala. 299, 58 South. 195; *Cornelius v. Cornelius,* 31 Ala. 479; 3 Pom. Eq. Jur. 1304, 1305. The authorities also recognize the power of the chancery court to modify any order or decree concerning the custody of the infant, as in the sound discretion of the court may seem to be for the best interests of the child.—*Decker* and *Cornelius Cases, supra;* 14 Cyc. 819.

It has been said by our own court that any matter affecting a child may become a subject of chancery jurisdiction; and it is immaterial whether that jurisdiction is invoked by bill, petition, or application of habeas corpus.—*Woodruff v. Conley,* 50 Ala. 304. In *Hansford v. Hansford,* 10 Ala. 561, it is said that the jurisdiction of the chancery court over the child exists whether it be referred to the general powers of chancery or to particular statutes on the subject, and that it may be exercised whenever a bill is filed for divorce as incidental to the peculiar jurisdiction exercised by the court of chancery under that subject. See, also, *Anon,* 55 Ala. 428.

A reading of the authorities demonstrates that, a court of chancery once in a proper proceeding having acquired jurisdiction over an infant as to his custody and control, such infant becomes the ward of the court, and it is, in a sense, a continuous jurisdiction; the welfare of the child being the question of paramount importance, the parties to the suit being of secondary consideration. Being mindful of these principles, the chancellor, in each decree rendered was careful to leave the question of the care and custody of the child open for future consideration, and the order of July 10th itself discloses that the change of custody was made "until the further orders of the court." That, a chancellor once having acquired jurisdiction over the person of the infant, it thereby becomes the ward of the court, and he may, in vacation, make such order or decree in regard thereto as in his sound judgment or discretion the welfare of the child might dictate, is, it would seem, clear; and also it appears here that the orders made were of an interlocutory nature; and such orders, no appeal from which has been provided by statute, may be reviewed by mandamus proceedings,

but are not such as will support an appeal.—*Brady v. Brady*, 144 Ala. 414, 39 South. 237. The question is to be here treated as a jurisdictional one.—Sims Ch. Pr. § 481.

(5) It is generally recognized that rulings of a court or officer, which rest largely in discretion, are not reviewable by appeal, except for an abuse thereof.—Elliott's Appellate Prac. § 598; 2 Ency. Pl. & Pr. 410. That such orders have not been, by the lawmakers, made subject to appeal, seems to be consonant with reason and common sense, for, if such were the case, it can readily be seen that the child, the ward of the court, might materially suffer by delay and consequent supersedeas of the order of the court or chancellor made for his welfare, and which might call for immediate obedience. The order of July 10th expressly states that the order made as to the custody of the child is "until the further order of the court" (although we do not intend to indicate that this was essential to be so stated in the decree), and, by the same proceedings had for the petitioner in this case, the appellant here could have made application to the chancellor in due time for such interlocutory order as the chancellor might deem for the interests of the child. This course, however, he does not appear to have pursued, but insists that a modification of the former decree was without authority.

(6) This insistence, even if followed, would disclose that appellant has mistaken his remedy, as it has been said that: "When the chancellor improperly sets aside or modifies at a subsequent term a final decree rendered at a former term, the remedy is by mandamus, and an appeal does not lie."—*Cochran v. Miller*, 74 Ala. 50.

As previously stated, however, we are of the opinion that, in the exercise of the peculiar jurisdiction

over the care and custody of the child, the chancellor acted within his authority in entering the order from which the appeal is prosecuted; and that, to review his action in the premises as here disclosed, the remedy is by mandamus. It therefore follows that the appeal must be dismissed.

The appeal is dismissed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.