(78 South. 853)

McCLURE v. WILLIAMS et al.   (8 Div. 100.)

(Supreme Court of Alabama.   May 9, 1918.)

1. ADOPTION ⬤⟞16—RESTORATION OF ADOPTED CHILD.
   In a bill to restore an adopted child to its natural parents, the court, having due regard for that parental love which covers a multitude of shortcomings, is clothed with a sound discretion to grant such relief as the best interests of the child may demand.

2. ADOPTION ⬤⟞16 — RESTORATION — DISCRETION OF COURT.
   Although a child has been adopted by proceedings in probate court under Code 1907, § 5202, a court of equity, its jurisdiction being properly invoked, exercises a free discretion in disposing of the child for its own benefit and welfare.

3. ADOPTION ⬤⟞16—RESTORATION—CONSENT OF PARENTS.
   In bill for restoration of a child to its natural parents, adoption proceedings had by consent and request of the parents is not without weighty consideration.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Bill by Walter N. McClure against W. B. Williams and others. Bill dismissed, and plaintiff appeals. Affirmed.

Callahan & Harris, of Decatur, for appellant. Sample & Kilpatrick, of Cullman, for appellees.

SAYRE, J.   [1-3] Appellant filed this bill praying that a certain record of the probate court, evidencing a declaration of adoption and the decretal order thereon by which appellees adopted a minor child of appellant, be canceled and annulled, and that the child be restored to the custody of his natural parents. In every case involving such issues the court, having due regard for that parental love which covers a multitude of shortcomings, is clothed with a sound discretion to grant or refuse relief as the best interests of the infant may demand. Kirkbride v. Harvey, 139 Ala. 231, 35 South. 848. As has appeared in the foregoing statement, appellees have adopted the child in this case by a formal proceeding in the probate court under section 5202 of the Code. Nevertheless, the court of equity, its jurisdiction being properly invoked, exercises a free discretion in disposing of the child for its own benefit and welfare. Murphree v. Hanson, 197 Ala. 246, 72 South. 437. In this case the adoption proceeding, though not concluding the judgment to be rendered, is not without weighty consideration in that connection, for upon the evidence the court is thoroughly well satisfied that it was had with the consent and at the request of the parents of the child. Not only so, but, upon the whole case, details of which need not be here stated, the court is of opinion that the best interests of the child require that the decree under con-

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sideration, by which appellant's bill was dismissed, should be affirmed.

It is so ordered.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.