(93 South. 598)
**LASSITER v. WILSON.** (4 Div. 973.)

(Supreme Court of Alabama.   June 29, 1922.)

**1. Courts ⬅475(1)—Jurisdiction not taken away by proceeding in another court of ·like authority.**

Where jurisdiction of a court has once attached, the right to pursue and exercise jurisdiction to complete performance cannot be arrested or taken away by a proceeding in another court of like authority.

**2. Courts ⬅30—Jurisdiction not defeated by subsequent acts.**

Jurisdiction, once acquired, cannot be defeated by subsequent events, though their character is such as would have prevented jurisdiction originally attaching.

**3. Infants ⬅18—Judicial power of courts of equity to determine custody inherent.**

The judicial power of courts of equity to consider and determine the custody of infants is inherent, and not dependent on statute.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Infants ⊚⇒18—Court cannot establish a permanent custody of infant.**

A court of equity, jurisdiction having attached to determine the custody of an infant, cannot establish a permanent custody, and thereby assume to foreclose future judicial consideration of action in the premises.

**5. Infants ⊚⇒18—When equity court validly invokes jurisdiction as to custody, the infant becomes a ward of the court.**

When jurisdiction as to custody is validly invoked by a court of equity, the infant becomes a ward of the court.

**6. Infants ⊚⇒18—Jurisdiction not affected by subsequent residential status in the state of custodian or infant.**

The jurisdiction of a court of equity to determine the custody of an infant as its ward is not affected by the subsequent residential status in this state of the custodian or the infant.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Petition by Richard Wilson against J. F. Lassiter for modification of former decree as to custody of children. From a decree overruling demurrers to the petition respondent appeals. Affirmed.

A. G. Seay, of Troy, for appellant.

The respondent and the children whose custody is sought being residents of Pike county, the venue of a suit against him was properly in Pike county. Code 1907, § 6110. A court, in decreeing custody of a child, may retain jurisdiction by adding to the decree "until the further order of the court." 204 Ala. 111, 85 South. 494; 201 Ala. 260, 77 South. 674; 192 Ala. 280, 68 South. 351. Where jurisdiction is not specifically retained by the court, a subsequent application should be by a new bill, and the jurisdiction determined by the status of the parties at the time the new bill was filed. 176 Ala. 299, 58 South. 195.

J. A. Carnley, of Elba, for appellee.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. The appellee, Wilson, filed his petition in the circuit court of Coffee county, in equity; the appellant is named respondent thereto. The petitioner's (appellee's) residence is averred to be in Coffee county, Ala.; and the residence of appellant is Pike county, Ala. The prayer is that appellant (Lassiter) "be notified to appear and answer this petition and show cause, if any he has, why the decree of this court should not be modified and another decree entered, awarding the custody and control of said children to petitioner, their father. * * *" A copy of the decree referred to is exhibited with the petition. Its date is January 29, 1918. It is a decree dissolving the bonds of matrimony between petitioner and Exa Wilson, on the ground of the husband's (present petitioner) cruelty to complainant, the wife. Without qualification the decree awarded the custody and control of the two young children to Exa Wilson. The decree contains no indication of the court's intention to retain the cause or proceeding for other or further order or decree as was the case in the decree considered in Hayes v. Hayes, 192 Ala. 280, 68 South. 351; neither did it contain any restriction or limitation upon the place of habitation of the mother or of the children. It appears from the petition that Exa Wilson subsequently again married; that petitioner has also again married; that Exa Wilson died in April, 1921; and that, after the death of the mother, these children passed into and are now in the custody of their grandfather, the appellant, who resides in Pike county. Appearing specially, appellant demurred to the petition, and also interposed plea in abatement, questioning in both instances the jurisdiction of the circuit court (in equity) of Coffee county to entertain the petition when, as is averred in the petition, the children are in the custody of their grandfather in another county, viz. Pike county. Upon consideration the court overruled the demurrer, and in order held the plea in abatement insufficient, thereby, of course, affirming the jurisdiction of the circuit court (in equity) of Coffee county.

[1] Where jurisdiction of a court has once attached the right exclusively to pursue and exercise its adequate jurisdiction to complete performance cannot be arrested or taken away by proceeding in another court of like authority. 3 Mich. Ala. Dig. pp. 760, 761, collating the cases. The circuit court (in equity) of Coffee county had jurisdiction to render the decree of January 29, 1918, including the provision for the custody of the children of the marriage thereby dissolved.

[2-6] Jurisdiction, once acquired, cannot be defeated by subsequent events, notwithstanding their character is such as would have prevented jurisdiction originally attaching. 15 C. J. pp. 822–824. The judicial power of our courts of equity to consider and to determine the custody of infants is inherent, not dependent upon statutory authorization. Bryan v. Bryan, 34 Ala. 516; Hayes v. Hayes, 192 Ala. 280, 284, 68 South. 351. It is beyond the power of a court of equity, the jurisdiction of which has attached, to authorize the determination of the custody of an infant, to establish a permanent custody of the infant, and thereby assume to foreclose future judicial consideration and action in the premises. Decker v. Decker, 176 Ala. 299, 303, 304, 58 South. 195. When such jurisdiction is validly invoked, the infant becomes the ward of that court. Rivers

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Durr, 46 Ala. 418, 422; Hayes v. Hayes, 192 Ala. 280, 284, 285, 68 South. 351, the declaration in the last cited case being that the jurisdiction thus obtained is, in a sense, continuous. This guardianship, denominating the relation according to its nature, with the infant as ward, is not susceptible of dissolution by the subsequent residential status, in this state, the custodian of the infant may, without offense to the decree prescribing the infant's custody, establish as the abode of the infant or of the custodian. The subsequent removal of these children beyond the territorial jurisdiction of the Coffee county circuit court rendering the decree did not effect to defeat the existing, continuing jurisdiction of that court to proceed in the premises, in view of the change wrought by the death of the mother of the children. Any other conclusion would offend the general rule, stated before, that subsequent events will not avail to defeat jurisdiction already validly attached.

We do not, of course, consider or intimate an opinion upon the inquiry whether custody of these children should be taken from the grandparent.

The decree overruling the demurrer and holding the plea in abatement insufficient is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.