142 So. 30

## Ex parte FLETCHER.

### 4 Div. 624.

Supreme Court of Alabama.

May 12, 1932.

Rehearing Denied June 9, 1932.

A. Whaley, of Andalusia, for petitioner.

Powell, Albritton & Albritton, of Andalusia, for respondent.

FOSTER, J.

The parents of two girls (6 and 11 years of age) both died, the mother some 3 years before the father. He owned a comfortable home, well furnished, in Andalusia, and, with a housekeeper engaged by him, maintained the home until his sudden death. From the funeral the children went with their maternal aunt to her home with her husband's mother, for which no blame is charged. One of them needed and received medical attention. Their maternal grandparents, a respected Baptist minister and his wife, resided in Mobile and attended the funeral and remained several days. There was negotiation as to their custody and financial affairs which continued for several days not resulting in agreement, and until December 2d, when petitioner was appointed their guardian by the probate court at Andalusia. On the next day about noon, Dr. and Mrs. Preston, the grandparents, left Andalusia for their home, taking both the children, where they still are detained.

On the same day, and as soon as the guardian was informed of their departure, a bill in equity was filed by him to restore their custody to him as their guardian for residence in their own home. Petitioner then presented a petition to the court to require respondents to return the children to Andalusia and to their home under the supervision of petitioner, pending a hearing of the cause. Upon a denial of such petition, complainant seeks to review the ruling by mandamus. There is no other adequate method of review, and we have entertained a petition for mandamus to review when petitioner claims the right of immediate relief pending a suit in equity, and there is no other appropriate method of reviewing the action of the court in respect to such claim. Ex parte Green, 221 Ala. 298, 129 So. 72, where the cases are cited; also in Ex parte Green, 221 Ala. 415, 129 So. 69.

By section 8096, Code, guardianship carries no right to the custody of infants during the life of the father; or if the ward is a girl, or a boy under 14, during the life of the mother. Otherwise the general rule is that guardianship by an individual (not a corporation) carries with it the custody of the ward's person in priority to relatives and friends, unless her interest will be better otherwise cared for. 1 Schouler on Domestic Relations (6th Ed.) § 873; 28 Corpus Juris 1109, 1110; Desribes v. Wilmer, 69 Ala. 25, 31, 44 Am. Rep. 501. But always the controlling consideration is the best interest of the child while still recognizing a priority of right where the law has placed it. Payne v. Payne, 218 Ala. 330, 118 So. 575.

The domicile of the father at the time of his death is the domicile of the infant child. If a guardian has been there appointed, no one, not even its mother, though living, can change such domicile without the consent of the guardian, and the court, Moses v. Faber, 81 Ala. 445, 449, 1 So. 587; Desribes v. Wilmer, 69 Ala. 25, 31, 44 Am. Rep. 501; Carlisle v. Tuttle, 30 Ala. 613; Daniel v. Hill, 52 Ala. 430; Johnson v. Copeland, 35 Ala. 521, and in compliance with the statute, section 8231, Code; Desribes v. Wilmer, supra; Daniel v. Hill, supra; Johnson v. Copeland, supra; Moses v. Faber, supra; Randall v. Wadsworth, 130 Ala. 633, 31 So. 555. To the person of the ward, in the absence of parents, the guardian, who is not a corporation, is placed in loco parentis. Desribes v. Wilmer, supra; Murphree v. Hanson, 197 Ala. 246, 72 So. 437.

A court of equity in which jurisdiction of the person of the infant is acquired has exclusive right to pursue an exercise of such jurisdiction not affected by the subsequent residential status of the infant or its custodian. Lassiter v. Wilson, 207 Ala. 669, 93 So. 598; Burns v. Shapley, 16 Ala. App. 297, 77 So. 447.

While the evidence on the hearing was given orally in open court, the result is not dependent upon any conflict in it nor conflicting inferences, but depends upon legal conclusions. Murphree v. Hanson, 197 Ala. 246, 72 So. 437.

The children own their home in Andalusia, completely furnished, where they were born, and have spent their lives, attended school, made associates and attachments. and at the domicile of their father, and in the jurisdiction of their guardianship. Their wearing apparel and toys are all still in the home, as are also their beds and bedding, specially prepared for them. They also have an automobile, garage, and all necessary equipment for their accommodation. They have never lived in Mobile, rarely visited there, and were not familiar with their new environment before being taken there by respondents.

The evidence shows without dispute that their paternal grandmother and their father's housekeeper provided by him for them are in their home with all their belongings waiting and anxious for their return, and provide an environment free from any kind of objection. There is no evidence or claim that any person, related through their mother or father, seek any financial benefits from their custody. All are.people of the most excellent character, and none of them seem to have any interest but the welfare of the children, but view such welfare from a different angle.

The court has a wide discretion in directing the temporary custody of minors pending a suit for their custody, to be exercised for their well being. Ex parte Rickerson, 203 Ala. 305, 82 So. 769. But we cannot agree with the conclusion expressed in the decree that the burden is upon complainant to show some reason why the interest of the children would be prejudiced by a failure to grant the motion. But as we view the situation, on account of the legal principles which we have discussed, we think the burden is on respondents to show that the welfare of the children would be prejudiced by restoring them to their home and domicile and childhood associations and the care of their guardian standing in loco parentis, since they took them away from such conditions following a disagreement among the family connections respecting their affairs. No such showing was made, but the contrary is conclusively shown. We think they should be returned to their home pending this hearing, and to that extent and for that purpose the writ of mandamus is ordered.

Writ awarded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.