148 So. 137

**FLETCHER v. PRESTON et al.**

**4 Div. 679.**

Supreme Court of Alabama.

April 20, 1933.

Rehearing Denied May 25, 1933.

A. Whaley, of Andalusia, for appellants.

W. J. Young, of Mobile, for appellee.

KNIGHT, Justice.

This is an appeal from an interlocutory decree of the circuit court of Covington county,

See, also, 225 Ala. 139, 142 So. 30.

in equity, overruling the demurrers of appellants to the cross-bill of appellees.

The case involves the custody of the two minor children of the late Mr. and Mrs. Marcus J. Fletcher, who were at the time of their respective deaths residents of Andalusia, in Covington county, Ala. Mrs. Fletcher died in December, 1928, and her husband died in November, 1931. Upon the death of their mother, the father retained the custody and care of these children up to the time of his death.

On the occasion of the burial of the father, the cross-complainants, who are the maternal grandparents of the children, came to Andalusia from their home in Mobile to attend the funeral, and, after spending a few days in Andalusia, returned to their Mobile home, carrying with them their two grandchildren.

Marcus J. Fletcher, the father, was buried on November 27, 1931, and it appears from the cross-bill that Dewey E. Fletcher, a paternal uncle, was appointed guardian of the children by the probate court of Covington county on December 2, 1931.

On the same day that the cross-complainants left Andalusia for Mobile with the children, the said Dewey E. Fletcher filed the original bill in this cause seeking to secure the return of the children to Andalusia, and to his custody as their legally appointed guardian. The bill, after its filing, was amended in a number of particulars, and the two minors, Helen and Francis Fletcher, were by one of the amendments made co-complainants with the said Dewey E. Fletcher. So, these two children are in fact before the court.

By their cross-bill the cross-complainants invoke the jurisdiction of the circuit court, in equity, to determine the best disposition to be made of the children, and to establish the fact that their best interest and welfare would be promoted by a decree of the court awarding their care and custody to the cross-complainants. Of course, "the welfare of the infants is the guiding light by which the discretion of the court must be directed." The cross-complainants are the maternal grandfather and grandmother of the children, while the said Dewey E. Fletcher is the paternal uncle, and their guardian by appointment of the probate court of Covington county. In determining the question of the custody of the children, letters of guardianship can exert no controlling influence, nor can the fact that the cross-complainants are the grandparents of the children be allowed to control the court in the exercise of its delicate and responsible duty.

In the case of Woodruff v. Conley, 50 Ala. 304, this court, in a habeas corpus case to try the right to the custody of a child, said: "Any matter affecting a child may become a subject of chancery jurisdiction; and it is *immaterial* whether it is brought to the attention of the court by *bill, petition, or application for the writ of habeas corpus.* The relief desired generally indicates the form of the application, which will be varied by the court to suit the circumstances developed. In this case, the mode of proceeding [habeas corpus] is adequate for the purpose designed, and is proper and right." (Italics supplied.)

In the case of Tillman v. Walters, 214 Ala. 71, 108 So. 62, 67, which was one involving the custody of a child, it was pertinently stated, with reference to petitions, proceedings, or pleadings in such cases, that mere legal niceties are not favored. And in the Tillman Case, it was expressly held that "the primary control and custody of the infant is with the government, and delegated to the natural or legal guardians so long as they are fit and suitable persons for the purpose and *it is to the best interest* of the child so to remain in such custody." McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674; Ex parte Roberts, 17 Ala. App. 538, 85 So. 871.

The right of courts of chancery to regulate the personal custody of infants subject to probate guardianship is undoubted. Murphree v. Hanson et al., 197 Ala. 246, 72 So. 437.

In the case of Pearce v. Pearce, 136 Ala. 188, 33 So. 883, 884, this court, speaking through Mr. Justice Dowdell, said: "In proceedings of this nature [which was a proceeding by petition], involving the custody and care of infants, the paramount consideration is the well-being and good of the infant. The rights of the petitioner and the defendant in the petition are secondary in consideration. The infant is regarded as the ward of a court of chancery, and that court will not permit his well-being to be jeopardized by any judgment in a previous contest between the father and mother concerning his custody and care. The court may by its decrees change its custody from one parent to the other as the interest and care of the infant may, in the judgment of the court, require. The character and purpose of the proceedings here are different from an action where only the rights of the parties litigating are involved."

In the case of McClure v. Williams, 201 Ala. 499, 78 So. 853, this court held that a court of equity, in a case where there had been a legal adoption of a child, could exercise a free discretion in disposing of the child for its own benefit and welfare, where its jurisdiction to that end had been properly invoked.

The fact that Mr. and Mrs. Preston, the grandparents of the minors, had, without the permission or knowledge of the guardian, removed the children from Andalusia to Mobile, or that they may now, so far as is disclosed by the pleadings to the contrary, be

in possession of the children, can exert no influence in this case. It is not a question of "clean hands" or "offer to do equity" as supposed by appellants' counsel, but it is essentially a question of what is the best interest of the children. The averments of the cross-bill, in our opinion, are sufficient to invoke the jurisdiction of the court to determine the proper custody of the children, not for all time, but for the immediate future.

It is also earnestly insisted that the children should have been made parties to the cross-bill. We do not think there is merit in this insistence. As a matter of fact, they have been made parties complainant to the main bill, and they are before the court. We do not wish, however, to be understood as holding that it was necessary to make them parties to either the original or cross-bill. We think it was not.

Our conclusion is that the court below properly overruled the demurrers to the cross-bill. The proper custody of the children should be determined under the pleadings upon the proof to be submitted on the hearing.

It follows that the decree appealed from will be here affirmed.

No part of the cost of this appeal must be taxed against the minors, nor against their estate.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.