147 So. 675

### WRIGHT et al. v. PRICE.

### 4 Div. 707.

Supreme Court of Alabama.

April 20, 1933.

See, also, post, p. 591, 147 So. 886.

O. S. Lewis, of Dothan, for appellants.

Halstead & Halstead, of Headland, for appellee.

KNIGHT, Justice.

Appellants filed in the probate court of Houston county their petition to be allowed to adopt Winnie Ruth Price, a girl under the age of ten years, the child of Ethel Jane Price, now dead, and H. C. Price, Jr. While the mother of this child was dead at the time the petition was filed, her father is still living, but is confined in the penitentiary of this state under a sentence thereto for his natural life, and, therefore, is civilly dead. Code, § 5293.

The petition for adoption framed under the provisions of the amendatory act of 1931, was filed on the 7th day of October, 1932.

It is made to appear from the petition that Reubin Wright, one of the appellants, is a maternal uncle of the child, Winnie Ruth Price, and that she resides with this appellant at Ashford, in Houston county, Ala.

The petition was set down for hearing in the probate court on the 15th day of February, 1932, and the court ordered that notice of the petition and of the day set for the hearing be given the state child welfare department at Montgomery, and to Mrs. Nancy Price and H. C. Price, the grandmother and grandfather of the child.

Mrs. Price, the grandmother, appearing to contest the petition, filed in the probate court a number of pleas, and also an answer. One of the pleas was denominated a plea of res judicata. In this plea, it is averred: "That the things and matters involved in the petition on file in this cause have already been judicially acted upon by a court of competent jurisdiction, viz., the Circuit Court, in Equity, of Houston County, Alabama, in a habeas corpus proceedings filed by her in said court against the said Reubin Wright, one of the petitioners herein, and that the things and matters involved in the petition herein, viz., the best interest of said Winnie Ruth Price, a minor, was decided adversely to the petitioner therein, Reubin Wright, in that a decree was rendered in said court, on the 24th day of October, 1932, in which it was judicially determined that it was to the best interest of said minor, Winnie Ruth Price, that her custody be given to Nancy Price, and that her custody, by said decree, was given to said Nancy Price, and the said Nancy Price now has the custody of said child by virtue of said decree, 'a copy of said decree is hereto attached, marked "Exhibit A," and made a part of this plea as fully and in detail as though the same was set out herein.'

"She, Nancy Price, further avers that said decree is now outstanding and in full force and effect, wherefore, she pleads said judgment and decree of said court in bar of petitioners' right to a decree of this court in their favor and on the petition on file herein."

The decree of the circuit court of Houston county, in equity, which is attached to, and made a part of, said plea, shows that the petition of Nancy Price for writ of habeas corpus was filed in said court on September 29th, and on said day was presented to the court, and on that day a "writ or order" thereon, directed to said Reubin Wright, was issued, and served upon him on the 30th day of September. The cause was set for hearing on October 10, 1932, and on that day, in obedience to said writ, the said Reubin Wright did produce the said minor in court, and the court then proceeded to hear and determine said cause. The decree recites: "After the testimony was concluded the cause was submitted by the parties to the court for decree on the petition, writ of (or) order thereon, answer of the respondent, and the testimony as noted by the register, and the attorneys expressing a desire to file briefs and arguments with the court, the cause was held for consideration and decree by the court at a later day. Briefs and arguments have been filed by the attorneys for the parties, and the same have had due consideration by the court."

The court then, after stating its reasons therefor, proceeded to award the custody of said child, Winnie Ruth Price, to the said Nancy Price, who now has the child in her custody.

Section 9302, providing for the adoption of children, was amended by an act of the Legislature of 1931, Gen. Acts 1931, pages 504 et seq., and in the amendatory act many

requirements and conditions must be met and complied with before any final decree or order of adoption can be made by the probate court. Among the conditions and requirements is the provision that final order of adoption shall not be granted until the child shall have lived for one year in the home of the petitioner and shall have been visited during said period at least once in every three months by an agent of the state child welfare department or its duly authorized agents as provided in the amendatory act.

At the time the petition for adoption was filed in this cause, the circuit court of Houston county, in equity, had assumed jurisdiction over said child, and the appellant Reubin Wright had been given notice thereof, and had been ordered to produce the child in that court upon a named day. It was after the service of this notice that the petition for adoption was filed.

■ Courts of equity are the general guardians and protectors of all infants within their jurisdiction, and this has been the law in this state from time immemorial. When a court of equity has properly assumed jurisdiction over a child, that jurisdiction cannot be disturbed, or ousted, or in any way arrested by a resort to any other tribunal. In respect to infants within its jurisdiction, its powers are original, and inherent. Murphree v. Hanson et al., 197 Ala. 246, 72 So. 437. The fact that a guardian is appointed for a minor by the probate court cannot deprive a court of equity of its inherent plenary power over the custody of such a child. Upon institution of the habeas corpus proceedings in the circuit court, in equity, Winnie Ruth Price became a ward of the court.

In the case of Lassiter v. Wilson, 207 Ala. 669, 93 So. 598, it is said:

"Where jurisdiction of a court has once attached the right exclusively to pursue and exercise its adequate jurisdiction to complete performance cannot be arrested or taken away by proceeding in another court of like authority. 3 Mich. Ala. Dig. pp. 760, 761, collating the cases. The circuit court (in equity) of Coffee county had jurisdiction to render the decree of January 29, 1918, including the provision for the custody of the children of the marriage thereby dissolved.

"Jurisdiction, once acquired, cannot be defeated by subsequent events, notwithstanding their character is such as would have prevented jurisdiction originally attaching. 15 C. J. pp. 822–824. The judicial power of our courts of equity to consider and to determine the custody of infants is inherent, not dependent upon statutory authorization. Bryan v. Bryan, 34 Ala. 516; Hayes v. Hayes, 192 Ala. 280, 284, 68 So. 351. It is beyond the power of a court of equity, the jurisdiction of which has attached, to authorize the determination of the custody of an infant, to establish a permanent custody of the infant, and thereby assume to foreclose future judicial consideration and action in the premises. Decker v. Decker, 176 Ala. 299, 303, 304, 58 So. 195. When such jurisdiction is validly invoked, the infant becomes the ward of that court. Rivers v. Durr, 46 Ala. 413, 422; Hayes v. Hayes, 192 Ala. 280, 284, 285, 68 So. 351."

And in the case of Ex parte Fletcher, 225 Ala. 139, 142 So. 30, 31, this court observed: "A court of equity in which jurisdiction of the person of the infant is acquired has exclusive right to pursue an exercise of such jurisdiction not affected by the subsequent residential status of the infant or its custodian."

■ So long as the court of equity of Houston county, which has acquired jurisdiction of the said minor, is content to leave the said infant in the custody of the said Nancy Price, where the court by its decree has placed the child, such determination on the part of said court will present a barrier to the court of probate of that county in making any final order for adoption of said child by the appellants.

■■ The plea filed by Mrs. Price, and denominated by her as a plea of res judicata, is in no true or just sense such a plea. While it presents matters which prevent the court of probate from making and entering a final order of adoption of said child by the appellants, so long as said decree of the circuit court of Houston county, in equity, remains in force and effect, yet it does not prevent the entering of an interlocutory order for the adoption, to be made final, if and when, it can be done conformably to the decree of the circuit court of said county, having jurisdiction of said child.

The probate court therefore erred in overruling the demurrer to said plea, as well as to the pleas to the jurisdiction of the probate court, and in dismissing the petition. Judgment will here be entered reversing the judgment of the probate court, in overruling the demurrer of appellants to the pleas of res judicata, and to the jurisdiction of the court, and remanding the cause.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.