20 So.2d 206

**RHODES v. LEWIS et al.**

1 Div. 223.

Supreme Court of Alabama.

Dec. 14, 1944.

W. C. Taylor, of Mobile, for appellant.

Harry Seale, of Mobile, for appellees.

THOMAS, Justice.

Petition was for the custody of a girl about two years of age. The suit was in equity and the prayer of the bill was denied on oral testimony. The child was adopted by consent by the respondents shortly after birth.

232

■ The pole star of such a suit is the best interest of the infant. Worthy v. Worthy, Ala.Sup., 18 So.2d 721.[1] In Allen v. Allen, 239 Ala. 116, 194 So. 153, it is observed that, the parent's natural right is not to be arbitrarily denied. Chandler v. Whatley, 238 Ala. 206, 187 So. 751, and the recent decisions are Knowles v. Knowles, ante, p. 228, 20 So.2d 200; Moss v. Ingram, ante, p. 214, 20 So.2d 202.

■ In a suit to restore an adopted child to its natural parent, it has been held by this court that the adoption proceedings, though not conclusive, were entitled to weighty consideration, especially where they were had with the consent and at the request of the parent of the child. McClure v. Williams, 201 Ala. 499, 78 So. 853.

It is immaterial whether the case is presented by bill, petition or habeas corpus, the material and paramount consideration is the well-being of the infant. McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674.

■ Many recent decisions of this court are to the effect that a recital of respective tendencies of evidence may not be necessary and that the court, out of consideration for the parties involved, and the necessities of the case, may refrain from doing so. Ray v. Ray, 245 Ala. 591, 18 So.2d 273; Baugh v. Board of Education, 244 Ala. 522, 14 So.2d 508.

■ The voluminous record has been carefully considered. The trial court saw and heard the witnesses on oral examination and reached the conclusion that the child should not be taken from its adopted parents. Without a recitation of the evidence, we are content to say that, the right conclusion was reached by the trial court and its decree should be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.