23 So.2d 713

**PRAYTOR v. COLE et al.**

8 Div. 325.

Supreme Court of Alabama.
Oct. 18, 1945.

Rehearing Denied Nov. 29, 1945.

W. Marvin Scott, of Cullman, and S. A. Lynne, of Decatur, for appellant.

Kilpatrick & Entrekin, of Cullman, for appellees.

FOSTER, Justice.

The question in this case is whether a petition for the adoption of a minor child by its maternal grandparents under the provisions of Title 27, Chapter 1, Code 1940, pending in the probate court, serves to prevent a court of equity in that county from hearing a petition by the father of the child to have its custody awarded to him under the general equity powers of such a court over the custody of a minor child, when the proceeding in equity was begun after the adoption petition was filed.

This Court has held that under section 5202, Code of 1907, the adoption of a minor child did not affect the power and jurisdiction of a court of equity to make provision for the custody of the child to be awarded to another than the adoptive parent. McClure v. Williams, 201 Ala. 499, 78 So. 853.

Since the present law went into effect, the same principle was sustained. Rhodes v. Lewis, 246 Ala. 231, 20 So.2d 206. The opinion in that case was rendered on the theory thought to be obvious, that the amended law does not change the theory of the earlier case. The amended law (section 5) is clear that the adoptive parent stands in the right of the natural parent (2 Corpus Juris Secundum, Adoption of Children, § 56, p. 447; Murphree v. Hanson, 197 Ala. 246, 72 So. 437), but only that, and it does not determine his right to custody against the claims of others and the interests of the child. The act of adoption merely carries the prima facie right to custody such as a natural parent has. Cofer v. Scroggins, 98 Ala. 342, 343, 13 So. 115, 39 Am.St.Rep. 54. Of course a court of equity has jurisdiction to withdraw custody from a natural parent, and a fortiori from an adoptive parent. Adoption proceedings cannot defeat that power, and do not judicially determine the right to custody as against the natural parent. See, Wright v. Price, 226 Ala. 468, 147 So. 675; Murphree v. Hanson, supra; Ex parte Fletcher, 225 Ala. 139, 142 So. 30.

We do not think that the amended statute serves to change the rule declared in the previous cases.

The decree dismissing the petition in equity by the father of the child for its custody does not conform to our interpretation of the statute, and it is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and STAKELY and SIMPSON, JJ., concur.