41 So.2d 203

## TITTLE et al. v. HOLT et al.

### 6 Div. 858.

Supreme Court of Alabama.

May 26, 1949.

Rehearing Denied June 23, 1949.

Phil Joiner, of Birmingham, for appellants.

Hollis B. Parrish, Jr., of Birmingham, for appellees.

FOSTER, Justice.

This is a petition by the two paternal grandparents, in which the father joined, for a change of the custody of three minor children. There are two girls ages thirteen and fifteen, and one boy age eleven. The petition makes no mention of the Jefferson County Juvenile and Domestic Relations Court. And there is nothing in the plead-

ings about any action having been taken by that court in respect to the custody of the children. Their parents, however, as shown by the evidence, invoked the authority of said court on their separation. The mother had tuberculosis and the father had no place to keep the children. The juvenile court by consent of both parents committed them to Mercy Home, Inc., in 1945, and the father, Jesse Tittle, made monthly payments for their support through that court. Finally in 1947, that court, with the consent of both parents, made a change in the custody of the girls so as to commit them to their great aunt Mrs. Elizabeth Holt who resides in Birmingham. Their mother died in July 1948.

This petition was filed in August 1948. There was a trial by the court in December 1948, with the witnesses and parties appearing before the trial judge. On January 6, 1949, the trial judge entered a decree that the custody status of the three children agreed upon by the father and mother and set up by the juvenile and domestic relations court be not disturbed pending further orders of the court, and ordered the father to pay $30 a month to Mrs. Holt for the girls and $20 a month to the juvenile court for the benefit of Mercy Home, custodian of the boy. This is a reduction of $10 a month from the total previously required by that court to be paid.

A divorce was procured in Walker County in a court not having jurisdiction, as alleged, and the father has remarried and lives in Birmingham; but the death of his first wife has eliminated all questions as to his second marriage.

The jurisdiction of the Juvenile and Domestic Relations Court of Jefferson County seems to be concurrent with that of a court of equity in that county when the custody of certain minor children is the subject of controversy. Whitfield v. Saulsberry, 247 Ala. 690, 26 So.2d 93; sections 291(14), 311 and 312, Title 62, Code; sections 350 and 351, Title 13, Code; Ex parte Pruitt, 207, Ala. 261, 92 So. 426. Of those courts, therefore, that which properly exercises such jurisdiction does so to the exclusion of the other. Ex parte Burch, 236 Ala. 662, 184 So. 694; Ex parte Pruitt, supra. And when either court in the exer-

cise of its jurisdiction makes an award of the custody of minors, any change in such custody should ordinarily be made by the same court. Lassiter v. Wilson, 207 Ala. 669, 93 So. 598; Wright v. Price, 226 Ala. 468, 147 So. 675; Ex parte Fletcher, 225 Ala. 139, 142 So. 30. But there are some exceptions to that rule. Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399; Ferguson v. State, 251 Ala. 645, 38 So.2d 853(3).

If in conflict with that rule, after such a court with jurisdiction has assumed to act by proper procedure, another court which has general power and jurisdiction in such matters is called upon to exercise its power, the latter court may do so by consent of the parties manifested by appearing in it and submitting without objection to its assumption of jurisdiction. Ex parte Pruitt, supra. Such is the status of the instant case.

The evidence supports the conclusion that the present status of the custody of the girls is better for them at this time than to move them to their grandparents in Walker County. The father has no place for them and does not seek their custody. Their situation in Birmingham is of easy access to the father and grandparents. The court has allowed a reasonable visitation, which it will presumably enforce. We have no doubt but that they would have a good home with their grandparents in Walker County, but it would apparently be no better for the girls than their present situation. Of course the court is always open to modify the decree upon a change of circumstances or for temporary visits as may be found expedient.

While we do not wish to modify the decree of the circuit court approving the award of the custody of the girls made by the juvenile and domestic relations court or the amounts directed to be paid for their support, we think the custody of the boy might well be transferred from the Mercy Home to that of his grandparents residing in a comfortable country home. There are two other boys in that home, and though older than he would doubtless be very good companions; there the moral influence is good, and a school and church are con-

venient. We think it would be better for him to be with his own grandparents than with an institution having no special interest in him.

The decree is affirmed as to the girls and reversed and remanded as to the boy with direction to award his custody to the grandparents, J. E. and Alcie Tittle, and to relieve Jesse Tittle from payment of the sum of $20 a month to the Mercy Home.

Affirmed in part, and in part reversed and remanded with directions.

BROWN, LAWSON, and STAKELY, JJ., concur.