79 So.2d 1

**Marjorie Killius MADDOCK**

v.

**William KILLIUS.**

**1 Div. 610.**

Supreme Court of Alabama.

March 24, 1955.

Albert J. Tully, Mobile and E. G. Rickarby, Jr., Fairhope, for appellant.

Norbone C. Stone, Jr., Bay Minette, for appellee.

SIMPSON, Justice.

This appeal involves a contest between the parents for custody of their six-year-old daughter.

In 1953, a few days prior to a decree of divorcement granted by a Pennsylvania court, they entered into an agreement providing that the mother should have custody of the child during the school term and the father during the twelve-weeks summer vacation.

The mother thereafter moved to Alabama and in May, 1954, the father filed a petition in the circuit court of Baldwin County, Alabama, seeking the permanent custody of the child and the mother countered with a cross-petition also seeking permanent custody. The Alabama court entered a decree that the above referred to agreement "is still in full force and effect." The court then proceeded to decree in accordance with the provisions of the agreement. Thus custody for a twelve-weeks period was given to the father, pursuant to which he took the child to Pennsylvania. In August, 1954, the father returned the child to Baldwin County, Alabama, and filed a petition for permanent custody. At a hearing on this petition the father and another witness testified in support of the petition. The petitioner also introduced in evidence parts of the testimony taken during the hearing on the May petition. The respondent objected to this testimony on the ground that it was "irrelevant, incompetent and immaterial and the proper predicate had not been laid." When the petitioner rested, the respondent introduced the remainder of the testimony taken at the May hearing, reserving her objection thereto. The respondent mother offered no other evidence at this hearing. Upon completion of the evidence, the court entered a decree giving permanent custody

of the child to the father and the mother has brought this appeal.

One argument for reversal is rested on the ruling of the court allowing the introduction of the evidence taken at the May hearing, it being manifest from the record that the court considered such testimony in arriving at its decision. This testimony was relevant under any theory of the case. If it be conceded that the August hearing was not merely a continuation of the proceedings begun in May, the court was faced with the problem of determining whether or not there had been a change in conditions which would affect the child's welfare since the rendition of the May decree. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580. Furthermore, if we should follow appellant's insistence and remove from our consideration all the evidence of the May proceeding, then the record only shows testimony making out a case for the petitioner, appellant having failed to introduce any other evidence.

Appellant also argues that the case should be reversed because the trial court permitted the petitioner to introduce in evidence various documents purporting to be statements by and records of certain Pennsylvania doctors. This evidence, of course, was illegal but the court did not rule on the objection and was not required to do so. Code, Title 7, § 372(1), 1953 Pocket Part. Our study of the record reveals that the trial court ruled on only one objection raised by the defendant and though this ruling was probably erroneous, we do not regard it as sufficient ground for a reversal.

Our consideration of the case leads us to the conclusion that the August petition and hearing was treated by the court as merely a continuation of the proceeding begun in May, notwithstanding they were given different docket numbers in the trial court. The May decree seemingly just put into effect the agreement of the parties relative to the custody of the child, but at the August hearing the entire matter was recanvassed and the court entered its final decree, insofar as such decrees can be made final. See Decker v. Decker, 176 Ala. 299, 58 So. 195; Hall v. Kirkland, 225 Ala. 158, 142 So. 61. Such course of action was peculiarly expedient in the case at bar. The testimony given at the May hearing was involved and contradictory. The child in question has since birth been afflicted with some physical disabilities. The testimony is without dispute that when the father got the child in May it weighed only thirty-six pounds. After she had been in the custody of her father for twelve weeks and, according to his testimony, having been treated and attended by several doctors and specialists, the child had gained considerable weight and her physical condition was generally improved. The court in its August decree observed: "The complainant has a home in Pennsylvania with his mother where the said minor child has children of her own age to play with and the court having had the opportunity to observe the said child some twelve weeks ago can now easily detect and determine that her physical condition is much improved." Under the circumstances of the case and the conditions of the May decree, the court was entitled to consider the whole case anew in the light of the mute testimony given by the child's appearance and of the other circumstances surrounding the respective statuses of the contending parties and on that basis to render the stated decree. No service would be performed by detailing all the evidence, but after a thorough consideration thereof we are not convinced that the trial court erred in its August decree.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.