Daniel E. Fitzpatrick, J.
This habeas corpus proceeding to adjudicate the custody of the infant, Tarnnese Freeman, was tried by the court on July 9, 1969 and July 10, 1969, at which time the court found the following facts:
On February 20, 1967, a decree was rendered by the Probate Court of Mobile County, Alabama, by which petitioner and his wife adopted the said infant. Respondent, the natural mother of the child, had previously signed a consent to the decree of adoption. In May, 1968 the infant visited with respondent in *457 the City of New York. Upon respondent’s failure to return the child to her adoptive parents in Alabama, the instant proceeding was commenced.
While there is merit to the petitioner’s contention that the court is constitutionally bound to give full faith and credit to the Alabama adoption decree (U. S. Const., art. IV, § 1; Matter of Rockefeller [Hubbard], 12 N Y 2d 124), it does not inexorably follow therefrom that it is also bound to resolve the ultimate issue of custody in petitioner’s favor.
There exists no constitutional mandate that this court give greater faith and credit to the Alabama decree than would be given it by the courts of that jurisdiction. In the habeas corpus case of Ford v. Ford (371 U. S. 187, 192-194), the Supreme Court of the United States stated: ‘ ‘ The Full Faith and Credit Clause, if applicable to a custody decree, would require South Carolina to recognize the Virginia order as binding only if a Virginia court would be bound by it. * * * Virginia law, like that of every State in the Union, requires the court to put the child’s interest first. * * * We hold that the courts of South Carolina were not precluded by the Full Faith and Credit Clause from determining the best interest of these children and entering a decree accordingly.” (Emphasis added.)
So, too, in the habeas corpus case of Halvey v. Halvey (330 U. S. 610, 614-615), the court stated: “ So far as the Full Faith and Credit Clause is concerned, what Florida could do in modifying the decree, New York may do. ■ * * * But a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. * * * It is clear that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered.” (Emphasis added.)
Indeed, it has even been intimated by the Supreme Court of the United States that a State’s paramount duty to protect the welfare of a child in adjudicating custody may take precedence over the mandate of the Full Faith and Credit Clause. (May v. Anderson, 345 U. S. 528, 535, concurring opinion Frankfurter, J.) The conflict, if any, between the Full Faith and Credit Clause of the United States Constitution and the mandate that a court adjudicate custody in the best interests of the child need not be definitely resolved herein. As will be seen infra, the laws of Alabama and of this jurisdiction are in accord as to the effect of a prior adoption decree on the adjudication of custody thereafter.
*458 Turning first to the law of Alabama, it has been stated by the highest court of that State that, in the interest of the welfare of a child, custody can be returned to a natural parent notwithstanding a prior adoption decree. In Praytor v. Cole (247 Ala. 259, 260) the court said: ‘ ‘ Of course a court of equity has jurisdiction to withdraw custody from a natural parent, and a fortiori from an adoptive parent. Adoption proceedings cannot defeat that power and do not judicially determine the right to custody as against the natural parent.”
In its discussion of the respective rights of natural and adoptive parents, in the case of Rhodes v. Lewis (246 Ala. 231, 232), the Supreme Court of Alabama used the following language:
“ The pole star of such a suit is the best interest of the infant. * * *
“ It is immaterial whether the case is presented by bill, petition or habeas corpus, the material and paramount consideration is the well-being of the infant.”
As noted above, the law of this State is in accord with that of Alabama in that the court’s determination of what is in the best interests of the child must take precedence over the effect of any prior adoption decree. In Matter of Burde (7 A D 2d 344, 347, affd. 6 N Y 2d 941), the court stated: “ The Supreme Court however, as the guardian of all infants, has inherent power to decree custody in a proper case by way of habeas corpus, or even by a direct petition invoking the chancery powers of the court (Finlay v. Finlay [240 N. Y. 429], supra; Matter of Bopp, 58 N. Y. S. 2d 190). And in the exercise of its broad discretion the Supreme Court has ample power to promote the welfare of a child notwithstanding a legal adoption ; indeed there is authority to indicate that it may question the validity of an adoption or even annul the same (Matter of McDevitt, 176 App. Div. 418; Matter of Ziegler, 161 App. Div. 589; Matter of Connolly, 154 Misc. 672).” (See, also, 18 Carmody-Wait 2d, New York Practice, § 111.43.)
The mere physical presence of the child within this State is sufficient to confer jurisdiction on this court to adjudicate custody. (Matter of Hicks v. Bridges, 2 A D 2d 335; Matter of Hahn v. Falce, 56 Misc 2d 427.) The applicable New York cases have uniformly held that the welfare of the child is the paramount consideration in determining custody. (Matter of Bachman v. Mejias, 1 N Y 2d 575; Matter of Lang v. Lang, 9 A D 2d 401, affd. 7 N Y 2d 1029; Matter of Hicks v. Bridges, supra; Matter of Hahn v. Falce, supra; People ex rel. Abajian v. Dennett, 15 Misc 2d 260.)
*459 Upon the evidence presented to this court, it appears that changed and extraordinary circumstances have arisen since the Alabama decree of adoption. The child appeared to be suffering from malnutrition upon her arrival from Alabama, but under her mother’s care is now a healthy youngster. She had a poor scholastic record in Alabama, which has vastly improved since she started school in New York. It appears that because of the advanced age of petitioner and his wife, they were unable to care properly for this child. Respondent, however, has given the infant the care and affection to which any child is entitled. Furthermore, an interview of the child has convinced the court that it would be in her best interests for her to remain with her natural mother. (People ex rel. Abajian v. Dennett, supra.)
Accordingly, sole and exclusive custody of the infant, Tarnnese Freeman, is awarded to Della Baker, her natural mother.