This is an appeal from denial of a Rule 60 (b) motion and denial of a petition for modification of a judgment for child custody. We affirm.
Parties were married in 1974. Two children were subsequently born. In May 1976, Martha Sheffield left her husband and went to the home of her parents in Baldwin County. She filed for divorce in Baldwin County on May 14 and secured a temporary custody order on May 17. Before time for answer, the parties reconciled and returned to Autauga County. On June 17, Martha secured dismissal of the action for divorce through her attorney. On June 3, 1976, a divorce was granted upon petition, answer and waiver by the Circuit Court of Autauga County. Custody of the children was granted to the father. Martha learned of the granting of the divorce in July 1976. The parties were living together at that time. They continued to live together until November 1976, when Martha moved out, leaving the children. Jerry Sheffield married another woman in December 1976.
The present proceedings were begun by Martha on December 29, 1976. Many witnesses were presented in oral hearing in February 1977. The court entered judgment denying all relief on March 1, 1977. The Rule 60 (b) motion filed by Martha contained two grounds — fraud in obtaining her signature to the answer and waiver to the divorce petition and absence of jurisdiction in the Circuit Court of Autauga County to grant a divorce.
The issue of fraud in securing the answer and waiver was one of fact. The court heard testimony on whether Martha knowingly executed that instrument. There was evidence to support a finding that she sufficiently knew what she was signing. We presume such finding to be correct. Metcalf v. Metcalf,340 So.2d 38 (Ala.Civ.App. 1976). In addition a 60 (b) motion on the ground of fraud must be brought within four months of the judgment. The motion here was not timely brought. ARCP 60 (b).
The issue of want of jurisdiction in the Autauga court is not well taken. Though there was a divorce action pending in the Baldwin County Court at the time the judgment was granted in Autauga County, there was no want of jurisdiction. The circuit courts of Alabama have concurrent jurisdiction of all matters. Ala. Const. Art. 6, § 142. However, when jurisdiction of a circuit court has first attached that court has the exclusive right to continue to a final determination of the causes.Clements v. Barber, 49 Ala. App. 266, *Page 1058 270 So.2d 815 (1972); Ex Parte Burch, 236 Ala. 662, 184 So. 694 (1938). Another court may be restrained from assumption of jurisdiction. English v. Macon, 46 Ala. App. 81, 238 So.2d 733
(1970). Unless there is objection, even though one court has assumed jurisdiction of a matter, another court with concurrent authority may act in the same matter. Tittle v. Holt, 252 Ala. 388, 41 So.2d 203 (1949). The answer and waiver amounted to submission to the jurisdiction of the Autauga court.[1]
We come now to the issue of the denial of modification of custody.
We have carefully read the evidence heard by the trial court as to the fitness of the parties for custody. We have carefully considered the arguments heard orally and presented in brief. We are not going to discuss the evidence as to the relative merits of these parents. It is disconcerting, to say the least, that either of them should have custody. Neither has displayed much moral value or self-restraint. The company they travel in, other than their parents, appears to be even worse. However, the trial court was faced with the necessity of making a choice between these biological parents. It did so, we are sure, with trepidation but with hope for the best interest of the children. Having seen the parties and the witnesses, heard their testimony and observed their demeanor, the trial court is properly presumed to be better able to serve the welfare of the children than can we. Featherston v. Featherston, 271 Ala. 238,123 So.2d 120 (1960). We find no plain abuse of the discretion given by law to the trial court in matters of child custody.Higgins v. Higgins, 336 So.2d 194 (Ala.Civ.App. 1976).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] We need not comment upon the fact that venue properly lay in the Autauga court and time for challenging venue in the Baldwin court had not expired when the judgment of the Autauga court was entered. Nor need we comment that the issue became moot when the action was dismissed upon motion of the plaintiff in the Baldwin court.