## STATE OF MISSOURI, Respondent, v. CLARENCE LASLEY, Appellant.

Kansas City Court of Appeals, December 9, 1912.

1. **WIFE ABANDONMENT: Evidence: Support.** Where the evidence discloses that, although defendant did abandon his wife, he did not fail or refuse to support her, he is not guilty of the crime of abandoning his wife and refusing to support her.

2. ——: ——: **Conviction.** There can be no conviction for wife abandonment where the evidence for the prosecution shows that at the date of the information, the wife, although abandoned by defendant, was living upon his means.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

REVERSED.

*Cook, Cummins & Dawson* for appellant.

*G. P. Wright* and *Marshall E. Ford* for respondent.

BROADDUS, P. J.—The defendant was prosecuted and convicted of the offense of abandoning his wife. His punishment was assessed at one year's imprisonment in the county jail and a fine of $500. After taking the necessary steps to obtain a new trial, he has appealed to this court. The issue raised by the appeal is that the verdict is not supported by the evidence.

The defendant and prosecutrix were married on the 27th of December, 1910, in Nodaway county, Missouri. They went to housekeeping soon thereafter. Defendant's mother lived with them for a short time, after which William Lasley, defendant's uncle, made his home with them. About the first day of July, 1911, the wife made a visit to her people near Brookfield, Missouri. She went away with the understanding that she would be gone two weeks, but returned in about one week, arriving at night. She did not find defendant at home and sent him word to come home. He did so and seemed to be mad and did not speak to her for a while, but that when he did speak he said he did not aim for her to come back at all; that he was going to Dakota. It seems that he only furnished his wife with sufficient funds to make the visit to Brookfield and she had to borrow money on which to come home.

In a few days after his wife returned from her visit, defendant announced that he was going in search of work and accordingly left. This was on Tuesday. On the following Friday he returned and said he was going to work on the railroad. On Monday following, his wife went to Maryville and found defendant there. She asked him "if he aimed for her to stay up there (their home) with uncle William all the time;" that he answered, that she could either stay there "or go to grandma's and stay." From that time on until August the wife stayed part of the time at home with

167 Mo. App.—30

the uncle of defendant and partly with friends, during which period the defendant and uncle furnished the means for living. On the 11th day of August, defendant removed his trunk and clothing from his home. At this time his wife was staying with Roland Lasley, defendant's brother. On the following day she went to Maryville and found defendant, who was employed there, but she testified that he would not speak to her. The next day she went to the home of her sister, Mrs. Baker. In two or three days she left and went to the home of Roland Lasley and remained there a while.

About the 1st of September she came back to her home. Roland Lasley and wife were there at the time. Defendant came during the night, but he did not see his wife until the next morning. At this time an arrangement was made between defendant and his brother Roland, that the wife might go and live with the latter for a period of one year. As a consideration for the agreement, defendant turned over to his brother his furniture and paid or was to pay him in addition sixty dollars. The wife acquiesced in the arrangement and went to the home of Roland Lasley and remained there until she gave birth to a child. She was not required to perform any service and had a separate room for herself. The defendant further directed his wife to purchase necessaries for the child and have them charged to him. She made some such purchases and defendant paid for them. With defendant's permission, she was paid small sums of money by persons who were indebted to him. The wife became dissatisfied with the treatment she received at the hands of Mrs. Roland Lasley and left the place and since has been living with friends and relatives. She says that Mrs. Lasley treated her so contemptuously that she could not stand it and for that cause left.

The evidence was to the effect that defendant was a hard working poor man, and with little or no means

after paying his debts. The information was filed the 7th day of February, 1912, and the conviction was had on March 7, 1912.

Although the evidence showed that defendant did abandon his wife, yet it is very positive to the effect that he did not fail or refuse her support. During the year within which defendant had made arrangements with his brother to keep and support his wife, this prosecution was begun, and he was convicted of the charge of abandoning his wife and refusing to support her. Perhaps the provisions defendant made for the support of his wife were not as ample as they might have been, yet, when we consider his means for doing so, we are satisfied that he practically made reasonable provisions for that purpose.

The criminal intent which the statute requires in order to constitute the offense is wholly lacking. [State v. Doyle, 68 Mo. App. 219.] It is said that: "In a prosecution for wife abandonment, there can be no conviction where the evidence for the prosecution shows that at the date of the information, the wife, although abandoned by defendant, was living upon his means." [State v. Fuchs, 17 Mo. App. 458.] This case and the one under consideration are exactly alike in principle.

This prosecution was instituted during the year within which defendant had made arrangements for the wife's support. That she became dissatisfied with the arrangement has no bearing whatever as evidence of a criminal intent upon the part of defendant.

We think there was no question whatever upon the undisputed evidence that defendant was not guilty of the crime charged and that the court should have directed the jury to return a verdict for the defendant as asked. Reversed. Defendant discharged. All concur.