PEOPLE v. SMITH.

1. CRIMINAL LAW—SUFFICIENCY OF INFORMATION—GAME LAWS—STATUTES.

Complaint that defendant, on certain date, at certain place, carried rifle into area frequented by deer, season for hunting being then and there closed, without charging that rifle was loaded, or that defendant had ammunition with him, charged no crime (2 Comp. Laws 1929, § 6229).

2. SAME—CARRYING UNLOADED RIFLE IN CLOSED SEASON NO OFFENSE.

Evidence that officer searched defendant's automobile and found unloaded rifle under blanket on back seat, without any ammunition, held, not to show commission of alleged crime (2 Comp. Laws 1929, § 6229).

3. SAME—STATUTES.

Offense described and proscribed may not be enlarged by section of statute prescribing penalty.

4. Same—Unwarranted Conviction—Failure to Move for Directed Verdict.

> Where complaint charged no offense, and evidence established no crime, Supreme Court may not, with full consciousness of glaring error committed, rest composed and affirm conviction on ground that no motion was made to direct verdict for want of evidence.

5. Same—Conviction Without Evidence Not Permitted to Stand.

> Conviction by jury without evidence commands no procedural support, and when error is fundamental, manifest, and noticed, such conviction may not be permitted to stand.

6. Same—Duty of Appellate Court to Correct Fundamental Error.

> Error in submitting case to jury, where complaint charged no crime and evidence did not establish any crime, permitting finding of guilt and sanction thereof by sentence in nature of probation, is so fundamental that Supreme Court cannot but notice same, and, as court for correction of errors, exercise power of correction, although said question was not raised in trial court.

Appeal from Ontonagon; Richter (Theodore J.), J., presiding. Submitted June 16, 1932. (Docket No. 155, Calendar No. 36,573.) Decided December 6, 1932.

Martin Smith was convicted of carrying a rifle during the closed season into an area frequented by deer. Reversed.

*John B. Bennett* (*Ivan D. Wright*, of counsel), for appellant.

*Paul W. Voorhies,* Attorney General, *Edward A. Bilitzke,* Assistant Attorney General, and *Joseph M. Donnelly,* Prosecuting Attorney, for the people.

Wiest, J. Defendant was convicted of carrying a rifle, during the closed season, into an area frequented by deer. The complaint charged that:

"On the second day of August, A. D. 1931, at the township of Matchwood * * * one Martin Smith, * * * did then and there carry a rifle into an area frequented by deer, the season for the hunting of deer being then and there closed."

The complaint charged no crime and the evidence did not establish any crime.

The statute, 2 Comp. Laws 1929, § 6229, and a part of the game law on August 2, 1931, provided:

"It shall be unlawful for any person to carry a rifle or shotgun with buckshot or slug loads or single ball load into any area frequented by * * * large or small game when there is no open season on such game under the existing laws."

The statute has since been amended. Act No. 325, Pub. Acts 1931.

The complaint failed to charge that defendant carried a rifle with "buckshot or slug loads or *single ball load*." The evidence in the case was that an officer stopped an automobile, driven by defendant, searched the car and found an unloaded rifle, under a blanket on the back seat, without any ammunition. Such evidence did not show the commission of the alleged crime. The offense described and proscribed cannot be enlarged by the section of the statute prescribing the penalty.

Upon review counsel for defendant urged several reasons for reversal, some of which cannot under the record be considered and others have no merit. We cannot, however, close our eyes to the fact that the complaint charged no offense and the evidence established no crime, and we may not, with full consciousness of the glaring error committed, rest composed and affirm the conviction on the ground that no motion was made to direct a verdict for want

of evidence. Conviction by a jury without evidence commands no procedural support, and when the error is fundamental, manifest, and noticed, such a conviction cannot be permitted to stand. The error, in submitting the case to the jury and permitting the finding of guilt and sanction thereof by sentence in the nature of probation, is so fundamental that we cannot but notice the same, and, as a court for the correction of errors, exercise the power of correction.

The mentioned point, not having been raised in the circuit nor presented by briefs first filed in this court, we called for additional briefs.

The conviction is reversed, and defendant discharged.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.