149 So. 707

## STATE v. WORTHINGTON.

### 6 Div. 454.

Court of Appeals of Alabama.
March 28, 1933.

Rehearing Denied April 18, 1933.

Reversed on Mandate Sept. 12, 1933.

Thos. E. Knight, Jr., Atty. Gen., and Reid B. Barnes, of Birmingham, for the State.

W. T. Edwards, of Birmingham, for appellee.

SAMFORD, Judge.

Complaint was made before H. M. Blue, judge of the juvenile court of Montgomery county, charging the petitioner, under section 4480 of the Code of 1923, with a misdemeanor, in that he did, within twelve months before making the affidavit, without lawful excuse, desert or willfully neglect or refuse to provide for the support and maintenance of his child or children under the age of eighteen years; the said child or children being then and there in destitute or necessitous circumstances and said children being in Montgomery county. The complaint was properly sworn to, and thereon the judge of said juvenile court issued his warrant returnable to the juvenile court of Montgomery county, Ala. The warrant was executed by arresting the defendant by the sheriff of Jefferson county, where the petitioner then was. Petition was filed praying a writ of habeas corpus, the writ was granted, and on the hearing before the Honorable Roger Snyder, judge of the circuit court of Jefferson county, the petitioner was ordered discharged. The cause was submitted in the court below on the following agreed statement of facts:

"On April 21st, 1924, there was rendered in the Circuit Court of Jefferson County, in Equity, a final decree of divorce in favor of Carrie L. Worthington against W. J. Worthington, the petitioner, from the bonds of matrimony; that in said decree it was provided that during the months of June, July and August of each year the petitioner should have the custody of the two children of the said marriage, and that Mrs. Worthington should have their custody for the remaining nine months of each year. It was further provided in said decree that said W. J. Worthington should pay to Mrs. Worthington $150.00 per month on the first of each month, beginning May 1st, 1924; that said sum should be used by Mrs. Worthington for the maintenance and support of the said minor children in the manner judged by her to be for their best interests; that said sum should be paid each month, regardless of whether one or both of said children were in the actual custody of said Worthington or Mrs. Worthington. This decree is in all respects a valid decree of divorce.

"On August 1st, 1931, said W. J. Worthington filed a petition in said cause, praying that in the future therefrom he be released for all of said payments of $150.00 per month during the months of June, July and August, and that the remaining nine months of each year the payments be reduced to $125.00 per month. Issue was joined on that petition, evidence taken, and the cause submitted to Honorable William M. Walker, Judge of the Circuit Court of Jefferson County, Alabama, sitting in Equity. The cause was taken under advisement by said Judge, and has not yet been decided.

"The warrant under which the petitioner, W. J. Worthington, was arrested was issued on November 28th, 1932, by the Judge of the Juvenile Court of Montgomery County, Alabama, on complaint and affidavit of said Mrs. Worthington. The complaint and warrant were introduced in evidence by the State of Alabama on the hearing of the petition are the same as the complaint and warrant described in the copy thereof attached to the petition.

"On the trial of the cause the only evidence introduced is contained in this agreed statement of facts. The only issue on which the cause was submitted was whether or not the rendition of the divorce decree as above stated and the filing of said Worthington's said petition to decrease payments under the decree, and the pendency of said cause in the Circuit Court of Jefferson County in Equity operated to divest the Juvenile Court of Montgomery County, Alabama, of any jurisdiction which it might otherwise have. The two children involved in the said Equity

cause are the children of said W. J. Worthington and are the same children he is charged with failing to provide for in the complaint under which he was arrested.

"After receipt of the said warrant by the Sheriff of Jefferson County, Alabama, said Sheriff arrested said Worthington under said warrant. Said Worthington thereafter filed and presented to Honorable Roger Snyder, a Judge of the Circuit Court of Jefferson County, Alabama, on December 8th, 1932, the petition shown by the record. Thereupon, said Judge made an order, as shown by the record, on said petition, demanding said Sheriff to have the body of said Worthington before said Judge on December 12, 1932. At that time the hearing was had, and the petitioner discharged, as shown by the record.

"It is agreed that the State, through its Solicitor, while agreeing to the above as a true statement of facts, at the hearing objected to evidence of such facts as being irrelevant, incompetent and immaterial, and showing nothing which would divest the Juvenile Court of Montgomery County, Alabama, of its jurisdiction. Objection was overruled and the State excepted.

"The agreement by both parties to the foregoing statement of facts is without prejudice to the rights of either party.

"It is also agreed that the State reserved its exception to the overruling of said motion to strike, and to the Court's overruling the demurrer to the petition, and also to the order and judgment of the Court discharging the petitioner."

In Johnson v. State, 22 Ala. App. 160, 113 So. 480, the identical question presented on this appeal was argued in brief of counsel and this court refused to decide the question because it was not properly presented. Here it is.

The circuit court of Jefferson county sitting in equity has assumed jurisdiction of the two children of petitioner and they have thereby become the wards of that court. Rivers v. Durr, 46 Ala. 418; Hayes v. Hayes, 192 Ala. 280, 68 So. 351.

The guardianship thus assumed and the jurisdiction of the circuit court of Jefferson county is not affected by the removal of the wards to Montgomery county. Lassiter v. Wilson, 207 Ala. 670, 93 So. 598.

The question of the contribution to be made by this petitioner to the support of his children is now in the hands of the circuit court, in equity, in Jefferson county, and its jurisdiction cannot be ousted or the proceedings interfered with by process issued from the juvenile court of Montgomery county. Lassiter v. Wilson, 207 Ala. 669, 93 So. 598.

Any decree entered by the circuit court in Jefferson county would determine petitioner's liability in the matter, and where jurisdiction of a court has once attached, the right exclusively to pursue and exercise its adequate jurisdiction to complete performance cannot be arrested or taken away by proceeding in a court of like or inferior authority. 3 Mich. Ala. Dig. pp. 760 and 761; Lassiter v. Wilson, supra; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Johnson v. State, 22 Ala. App. 160, 113 So. 480.

The circuit court of Jefferson county having assumed jurisdiction of the children, they were its wards, and that court has the power and it is its duty to provide the amount to be paid by petitioner, and the juvenile court of Montgomery was without jurisdiction in the matter so long as the proceedings are pending in the court having the jurisdiction. The order granting the writ and discharging the petitioner is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of State v. Worthington (6 Div. 374) 149 So. 709.