PEOPLE *v.* COLLINS.

1. PARENT AND CHILD—ABILITY OF FATHER TO SUPPORT MINOR CHILDREN—EVIDENCE.

In prosecution of father for nonsupport of his children under 17 years of age, evidence *held*, insufficient to support conviction where there is an absence of proof that defendant was able to provide necessaries for his minor children during last seven days covered by amended information and proof shows they had had adequate care prior to that time (Act No. 328, § 161, Pub. Acts 1931).

2. CRIMINAL LAW—VERDICT REQUIRES EVIDENTIAL SUPPORT.

Conviction by a jury without evidence commands no procedural support, and when the error is fundamental, manifest, and noticed, such a conviction cannot be permitted to stand.

3. SAME—EVIDENCE—INFERENCES.

   A jury may draw reasonable inferences from facts established, either by direct or circumstantial evidence, but may not indulge in inferences wholly unsupported by any evidence.

Appeal from Jackson; Williams (Benjamin), J. Submitted October 12, 1939. (Docket No. 141, Calendar No. 40,707.) Decided February 14, 1940.

John F. Collins, Jr., was convicted of nonsupport of minor children. Reversed.

*Thomas Read,* Attorney General, *Owen Dudley,* Prosecuting Attorney, and *Ernest J. Rogers,* Assistant Prosecuting Attorney, for the people.

*George D. O'Brien,* for defendant.

BUSHNELL, C. J. Defendant appeals from a sentence of one to three years in the State prison, imposed following his conviction by a jury of the charge in an amended information filed May 2, 1939, that "on the 7th day of April, A. D. 1939, at the city of Jackson, in the county of Jackson and three years prior thereto being of sufficient ability, did fail, neglect and refuse to provide necessary and proper shelter, food, care and clothing for his wife, Nettie Collins, and his children under the age of 17 years, to-wit, Terence 12 years, Thomas age 11 years, Elaine age 9 years, Philip age 8 years and Donald age 7 years."

During the course of the trial, the people abandoned the charge of nonsupport of defendant's former wife, the case being submitted to the jury only as to the minor children. When the people rested their case, defendant sought dismissal of the charge and the direction of a verdict of not guilty on several grounds, one being that there was no proof that dur-

ing the period from April 1st to the 7th, when the minor children might have been in need, the defendant had sufficient ability to provide their necessaries. The court denied defendant's motion.

Defendant's wife was granted a decree of divorce May 6, 1933, and awarded the custody, care, and maintenance of the daughter, Elaine; the four sons, Terence, Thomas, Philip, and Donald, being "placed in the custody of their grandparents, Mr. and Mrs. John F. Collins, Sr., until they shall have attained the age of 17 years or until the further order of the court." The decree further provided "that the defendant (Collins, Jr.) aid and assist in the support of said minor children." The last order entered in the divorce action was on September 17, 1934, and required Collins, Jr., to pay $2.50 a week for the support of Elaine.

Collins, Sr., the grandfather of the children, notified Mrs. Collins on April 1, 1939, that he would discontinue giving her money for food after that date. He testified:

"It is going into the 14th year, 13th year, the arrangement for the support of the children. I don't give them any more money since April 1st for food. Since April 1st, I have paid their gas bill, electric light bill, rent, coal and clothing. That has been paid all through the month of April. Their rent is paid up until May 1st—May 5th.

"After April 1st, I didn't give them any money for food, except I used to give them $75."

Later in his testimony he said:

"Up until that time, I had continued the payments for support, including the $75 a month for food. There was no arrangement. I had continued the provision up 'til April 1st, and I gave you the reason why. That is right, on that date I notified Mrs.

Collins that the payments of $75 a month for food was going to be stopped."

See, in this connection, *Johnson* v. *State*, 22 Ala. App. 160 (113 South 480) ; *State* v. *Lasley*, 167 Mo. App. 464 (151 S. W. 752) ; *State* v. *Herring*, 200 Iowa, 1105 (205 N. W. 861) ; and *Clark* v. *Commonwealth*, 262 Ky. 576 (90 S. W. [2d] 998).

When the people rested their case, the record shows, according to the testimony of the mother and grandfather, the only witnesses the State produced, that the children had not lacked the necessaries of life at any time prior to April 1, 1939. No proof was offered of defendant's ability to provide necessaries from that date until the end of the seven days remaining in the period covered by the amended information. During these seven days, it appears from the testimony of defendant and his sister that he had no financial resources, was without employment, and ill with a severe cold and "strep" throat. For some time prior to his arrest, defendant was trying to find work and had been getting only one meal a day, which was brought to him by his sister from his father's house, from which he had been evicted. Collins, Sr., denied that there was any bad feeling and hostility between himself and his son and daughter over their deceased mother's estate, but he admitted he had previously caused a petition to be filed for his son's commitment as an insane person.

Without further discussion of the unhappy details of the surrounding circumstances or determination of other questions raised in this appeal, including that of the claimed exclusive jurisdiction of the equity court to enforce its order for the support of the minor children of the defendant, we rest decision upon the absence of proof of defendant's ability to provide necessaries for his minor children from April 1st to April 7th, 1939.

"Conviction by a jury without evidence commands no procedural support, and when the error is fundamental, manifest, and noticed, such a conviction cannot be permitted to stand." *People* v. *Smith,* 260 Mich. 486.

"A jury may draw reasonable inferences from facts established, either by direct or circumstantial evidence, but may not indulge in inferences wholly unsupported by any evidence." *People* v. *Weyonen,* 247 Mich. 308.

Defendant was charged with the violation of Act No. 328, § 161, Pub. Acts 1931 (Stat. Ann. § 28.358) which reads as follows:

"Any person who deserts and abandons his wife or deserts and abandons his minor children, under 17 years of age, without providing necessary and proper shelter, food, care and clothing for them and any person who being of sufficient ability shall fail, neglect or refuse to provide necessary and proper shelter, food, care and clothing for his wife or his children under the age of 17 years, shall be guilty of a felony, punishable by imprisonment in the State prison for not more than three years, nor less than one year, or by imprisonment in the county jail for not more than one year, and not less than three months."

It was necessary for the prosecution to prove among the other elements of the offense that defendant had "sufficient ability" to provide his children with the necessaries of life from April 1st to April 7th, 1939, they not being in want of them prior to that time. This the people had failed to prove when a directed verdict was sought. The trial judge was in error in not granting defendant's motion. When the case was submitted to the jury, defendant's proof of inability stood uncontradicted as to this essential element of the charge and, since there is no evidence

on this point to support the verdict of the jury, it must be vacated and defendant discharged from custody. It is so ordered.

SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.