343 So.2d 591 (1977)
In re James Ferril TURNER
v.
STATE of Alabama.
Ex parte James Ferril Turner.
SC 1803.
Supreme Court of Alabama.
February 4, 1977.
Charles C. Partin, III, Bay Minette, for petitioner.
William J. Baxley, Atty. Gen. and Mary Lee Stapp and William S. La Bahn, Asst. Attys. Gen., for respondent, State.
ALMON, Justice.
This case is before the court by writ of certiorari to the Court of Criminal Appeals. The prosecution was initiated by the State of Alabama against petitioner for non-support of his children under Tit. 34, § 90, Code of Alabama 1940, Recompiled 1958.[1]
Petitioner contends that one of the elements required for a conviction under Tit. 34, § 90, is that there be a showing that the *592 children are in "destitute or necessitous circumstances," and that the State completely failed to make such a showing. We agree and reverse.
This case was originally tried in the Juvenile Court of Baldwin County and later tried de novo in circuit court. The circuit judge sentenced petitioner to 90 days in jail, suspended upon the provision that he pay $40.00 per week for child support. On March 9, 1976, the Court of Criminal Appeals affirmed the decision without opinion. Application for rehearing was overruled without opinion. In the application petitioner requested findings of fact and submitted his suggested findings pursuant to Rule 39(k) of the Alabama Rules of Appellate Procedure (ARAP).
Petitioner's approach under Rule 39(k) was to set out all the pertinent facts in an effort to support his conclusion that the State failed to adduce proof that the children were in "destitute or necessitous circumstances." We have found his statement and conclusion to be correct.
We adhere to the principle that on certiorari this court will only consider questions of law. "But if such tribunal misapplied the law to the facts as found by it, or if there was no evidence to support the finding, a question of law is presented which should be thus reviewed." Ex parte Alabama Textile Products Corporation, 242 Ala. 609, 615, 7 So.2d 303, 308 (1942).
Tit. 34, § 90, Code, supra, denounces as criminal the failure to provide for a dependent wife or children. One of the elements of the crime is that the wife or children must be "then and there in destitute or necessitous circumstances." Tit. 34, § 90. The petitioner's proposed submission of facts contains no reference to the condition of the children. The State's brief contains its statement of the facts of the case as required by Rule 28, ARAP; however, nowhere in its statement of the facts is any reference made to the condition of the children, nor does the State argue that such facts exist. Rather, the State contends that a showing of economic need satisfies the requirement of destitute or necessitous circumstances, and the fact that the wife is out of work, that the husband has failed to fulfill his obligation under the divorce decree, etc., constitutes such a showing.
If the State's contention were upheld a prosecution under § 90 could be successfully maintained even though the children were independently wealthy. Such a construction has never been placed upon the statute and conceivably, if it were, might be unconstitutional as suggested in Johnson v. State, 22 Ala.App. 160, 113 So. 480 (1927). In Johnson the court observed:
"The duty sought to be enforced in this prosecution is not the obligation running to the mother, but is a duty running to the state that defendant support his own children lest they become a charge upon the public. . . .
"This statute was never intended to make the criminal law an instrument for the enforcement of a civil liability in favor of the mother nor indeed could it do so under the Constitution. Its purpose is to protect the public. When a man has children who by his own contract or by order of the court have been placed in the custody of a third person who agrees to care for and support them, and so far as he knows such children are being so cared for, it cannot be said that he has willfully neglected them. If A sends his minor children to B, under an agreement, either expressed or implied, that B will support them, and B does so, A cannot be convicted on a charge of desertion or willful neglect, although a civil obligation may run to B as against A. So, in this case, the children are not being neglected, nor are they in want. Whatever liability *593 there is runs to the mother as against defendant on his common-law duty to support his children, but under this evidence he cannot be convicted of willful neglect.
. . ." Id. at 161-162, 113 So. at 482.
More recently, in Rouse v. State, 43 Ala. App. 171, 175, 184 So.2d 839, 844 (1966), the court observed:
"It would thus appear that § 90, supra, is intended to provide the minimum standard for all children without regard to the station in life of the parents. That is, that it is a misdemeanor to allow a child to fall into destitute or necessitous circumstances. St John v. State, 22 Ala. App. 115, 113 So. 321."
A conviction under Tit. 34, § 90, is a criminal conviction, and not a substitute for civil enforcement of a divorce decree. In fact, a party could be in compliance with a divorce decree and still be in violation of Tit. 34, § 90, if that party would be able to provide support (willfully fail to provide support or maintenance "without just cause" or "without lawful excuse"), but does not do so when his children are in "destitute or necessitous circumstances." See Rouse, supra.
In the instant case, one can only surmise as to the actual condition of the children. Nothing was said directly about their state of being. A criminal conviction under Tit. 34, § 90, cannot stand as a matter of law without such evidence.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, JONES, EMBRY and BEATTY, JJ., concur.
MADDOX and SHORES, JJ., dissent.
MADDOX, Justice (dissenting).
This Court, in reversing the Court of Criminal Appeals, cites a prior decision of the old Court of Appeals, Johnson v. State, 22 Ala.App. 160, 113 So. 480 (1927), as authority. If Johnson stands for the proposition that a father cannot be criminally prosecuted because of the fortuitous circumstance that charitably inclined relatives or strangers may support the child, then I think Johnson is wrong. But Johnson does not say that. In Johnson, the evidence showed that the defendant there had supported the children while he had them, and even while the criminal prosecution was pending he was seeking custody again. Obviously, the State failed to prove willful neglect in that case.
The evidence in this case is far different from the evidence in Johnson, or the illustrations given by the court in Johnson. Here, Turner did nothing to fulfill his legal and moral obligation to support his children. The criminal offense is complete, in my judgment, when the State shows that the defendant left his children at the mercy of the public.
The majority holds: "In the instant case, one can only surmise as to the actual condition of the children." I believe the majority misplaces the burden of proof. I do not think that the State has to negative the fact that someone other than the parents are taking care of their children. Otherwise expressed, the "destitute or necessitous" condition of the child is not eliminated because public or private charity intervenes to save the child from nakedness, the ravages of the physical elements, or starvation. The fact that the father's default, admittedly shown, did not precipitate his children's immediate descent to the lowest scale of human existence, or require them to seek public welfare, or private charity, should not furnish a defense for him. A father has a duty to support his children and is not relieved of that duty by the fact that others assume it for him. Willfully abandoning this duty and forcing others to assume it is made criminal by the statute. In fact, the Johnson case says that:
"The duty sought to be enforced in this prosecution is not the obligation running to the mother, but is a duty running to the state that defendant support his own children lest they become a charge upon the public. . . ." [Emphasis added].
Note that the language in Johnson is not "if they are a charge upon the public" but *594 "lest they become a charge upon the public." The evidence is uncontradicted here that the defendant did nothing to make sure that his children did not "become a charge upon the public." Consequently, he violated the law.
Punishment for willful failure to support one's own children should not be stayed by the chance existence of public or private charity which gives some measure of child support that might have been expected from the defaulting father.
See Wisconsin v. Freiberg, 35 Wis.2d 480, 151 N.W.2d 1 (1967); 67 C.J.S. Parent and Child § 92, pp. 825-826.
SHORES, J., concurs.
NOTES
[1] Tit. 34, § 90, Code of Alabama 1940, Recompiled 1958:

"Husband or parent failing to provide for dependent wife or children.Any husband who shall, without just cause, desert or wilfully neglect or refuse or fail to provide for the support and maintenance of his wife; or any parent who shall without lawful excuse desert or wilfully neglect or refuse or fail to provide for the support and maintenance of his, or her, child, or children, under the age of eighteen years, whether such parent have custody of such child, or children, or not, she or they being then and there in destitute or necessitous circumstances, shall be guilty of a misdemeanor and, on conviction thereof, shall be punished by a fine of not exceeding one hundred dollars, or be sentenced to a term in the county jail, or at hard labor for the county for a period of not more than twelve months, or the fine may be in addition to either the sentence to jail or to hard labor."