TYSON, Judge.
Walter Poke, Sr. was charged and convicted of the willful refusal to support his minor children and was sentenced to twelve months hard labor in the Houston County Jail. From this conviction he prosecutes this appeal as an indigent. The sole and dispositive issue in this appeal is whether or not a prima facie case was presented by the State when tested by a motion to exclude.
We are of the opinion that insufficient proof was presented to show that the children were in “destitute or necessitous circumstances” and reverse and render this case.
I
By stipulations of the parties, only that portion of the transcript in support of the State’s position was sent to this Court.
Mrs. Katie Poke testified that she married the appellant on October 28, 1962, had *839 three children born of this marriage, ranging in ages six to fourteen. Mrs. Poke further stated that the parties were separated in 1972, and that she obtained a divorce through the Department of Pensions and Security. From the record (pp. 3-5):
“Q. Now, when was the last time that he paid you any money for the support of the children?
“A. 1971.
“Q. 1971?
“A. Yes, sir, in 1971. We separated in 1972.
“Q. Okay. Are you — Do you work?
“A. No.
“Q. Has he paid you any money since 1971?
“A. No.
“THE COURT: Did you say no?
“A. No.
“Q. Absolutely ho money?
“A. (Shaking head negatively.)
“Q. Has he supported the children in any way, has he bought them any clothes since 1971?
“A. No, he came here — he bought the kids a pair of shoes about a month ago.
“Q. About a month ago?
“A. Yeah, he bought them a pair of shoes and a pair of socks.
“Q. What about food?
“A. No.
“Q. No food since 1971?
“A. No.
“Q. Is the only thing that he’s bought them since 1971 is a pair of shoes and a pair of socks?
“A. That’s all.
“Mr. Story: Your witness.
“CROSS EXAMINATION
“BY MR. DOWLING:
“Q. Mrs. Poke, how have the children been getting along; what have they been using for money?
“A. We get food stamps.
“Q. You filed for a divorce at the same time you got this non-support warrant, didn’t you?
“A. I got — filed the divorce through by Pensions and Security.
“Q. Did your lawyer try to get a reference hearing set up to make him pay you some money until the divorce was settled?
“MR. STOREY: We object, Your Honor.
“THE COURT: I sustain.
“A. No—
“THE COURT: You don’t have to answer.
“Q. You said the last time he paid you any money for the children was in 1971?
“A. Yes.
“MR. DOWLING: Okay. No more questions.”
Mr. Justice Almon, speaking for the Supreme Court of Alabama, in Turner v. State (Ala.1977), 343 So.2d 591, indicated that, in cases such as the case at bar, the burden is upon the State to make a showing that the children are in “destitute or necessitous circumstances,” citing Title 34, section 90, Code of Alabama 1940, Recompiled 1958.
As may be seen in reviewing the proof offered by the State, no such showing was here made. While it might be argued that, inasmuch as the wife no longer works, and that the children are dependent upon food stamps, nevertheless, the State failed to negate other possible sources of economic support. We therefore reverse and render this cause on authority of Turner, supra. As noted in Turner: “In the instant case, one can only surmise as to the actual condition of the children. Nothing was said directly about their state of being. A criminal conviction under Tit. 34, § 90, cannot stand as a matter of law without such evidence.”
For the reasons shown, this case is reversed and rendered[1] under Burks v. United States, No. 76-6528, June 14, 1978, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1.
REVERSED AND RENDERED.
HARRIS, P. J., and DeCARLO and BOWEN, JJ., concur.
BOOKOUT, J., dissents.

. Cf. Haynes v. State (Ala.Cr.App., 1977), 351 So.2d 678.