MADDOX, Justice.
The defendant was convicted of willful refusal to support his minor children. The Court of Criminal Appeals reversed his conviction and determined that, even though the State showed that the father had failed for seven years to give any support to his children, and that the mother of the children was out of work, and that the children were getting food stamps, “nevertheless, the state failed to negate other possible sources of economic support.” [Emphasis added]. We granted certiorari to review that holding.
The Court of Criminal Appeals relies upon Turner v. State, 343 So.2d 591 (Ala.1977). Reliance on Turner is misplaced. In Turner, the majority points out:
“Tit. 34, § 90, Code, supra, denounces as criminal the failure to provide for a dependent wife or children. One of the elements of the crime is that the wife or children must be ‘then and there in destitute or necessitous circumstances.’ Tit. 34, § 90. The petitioner’s proposed submission of facts contains no reference to the condition of the children. The State’s brief contains its statement of the facts of the case as required by Rule 28, ARAP; however, nowhere in its statement of the facts is any reference made to the condition of the children, nor does the State argue that such facts exist. Rather, the State contends that a showing of economic need satisfies the requirement of destitute or necessitous circumstances, and the fact that the wife is out of work, that the husband has failed to fulfill his obligation under the divorce decree, etc., constitutes such a showing.”
*841 Here, the opinion of the Court of Criminal Appeals shows that the children had “ ‘become a charge upon the public.’ ” Johnson v. State, 22 Ala.App. 160, 113 So. 480 (1927).
In Turner, the majority opined:
“ ‘In the instant case, one can only surmise as to the actual condition of the children. Nothing was said directly about their state of being. A criminal conviction under Tit. 34, § 90, cannot stand as a matter of law without such evidence.’ ”
The failure of proof found by the majority to exist in Turner does not exist here, because there was direct testimony in this case that the children were getting food stamps; therefore, there was proof that the children had already “ ‘become a charge upon the public.’ ”
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.