ON REHEARING
BOWEN W. SIMMONS, Retired Circuit Judge.
Appellee has timely filed an application for rehearing. The application has merit. The original opinion, filed February 20, 1979, is vacated and withdrawn. This opinion is substituted therefor.
Appellant, on appeal from the District Court, pled not guilty to an information in the Circuit Court which charged that he “did without lawful excuse desert or willfully neglect or refuse or fail to provide for the support and maintenance of his, or her, child, or children, under the age of eighteen years, against the peace and dignity of the State of Alabama.” The jury returned a verdict of guilt and the trial court imposed twelve months imprisonment.
We have carefully reviewed the evidence wherein there was proof by facts and figures that the young child was “then and there in destitute or necessitous circumstances.” Title 34, Section 90, Code of Alabama 1940; Section 30 — L-51, Code of Alabama 1975.
The mother of the dependent child, Jeffery Askew, testified that she had not received any financial support from appellant-defendant, the father, during the last twelve months; that he never made an offer to provide food and adequate clothing for the child. The mother further testified that the child received welfare assistance from Chambers County and without such assistance she would not have been able to provide food and adequate clothing for him.
Ms. Ann Rucks, Director of Pensions and Security, Chambers County, a State’s witness, testified that on February 25, 1970, she had a conversation with defendant about the paternity of the child and that he acknowledge in writing that he was Jeffery’s father. This written acknowledgment was offered and admitted in evidence. The witness further testified that the mother of the child had been receiving welfare from the State for the preceding twelve months.
Thus it appears from the evidence that the mother and the child were both public charges.
We quote from Poke v. State of Alabama, 369 So.2d 840, Supreme Court of Alabama, released March 9, 1979, wherein Justice Maddox, speaking for the Court, observed:
“The failure of proof found by the majority to exist in Turner does not exist here, because there was direct testimony in this case that the children were getting food stamps; therefore, there was proof that the children had already ‘ “become a charge upon the public”.’ ”
The judgment is due to be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
APPLICATION FOR REHEARING GRANTED.
AFFIRMED.
All the Judges concur.