BOWEN W. SIMMONS, Retired Circuit Judge.
Prosecution and conviction in the Circuit Court, Family Division, Juvenile Section of Houston County, for non-support of appellant’s three minor children. Punishment fixed at hard labor for Houston County for a period of twelve months.
The affidavit alleges inter alia as follows: “. . . . Affiant further says that Cleveland Ford a parent, did, within twelve months before making this affidavit, without lawful excuse, desert, or wil-fully neglect, or refuse or fail to provide for the support and maintenance of Alfonso Ford age 3, Angela Ford age 2, Cleveland Ford, Jr. age 1 year, his child or children, the said child or children then and there being under the age of eighteen years, in Houston County, Alabama, and in destitute or necessitous circumstances, in said County against the peace and dignity of the State of Alabama.”
The affidavit is dated October 4, 1978. Arrest followed the next day.
The warrant and prosecution is based on Section 30 — 4-51, Code of Alabama 1975, which contains an essential element that the victim or victims of the non-support charge must be “. . . then and there in destitute or necessitous circumstances
We have closely read and examined all of the evidence appearing in the record and conclude therefrom that the three children, supra, were not in destitute or necessitous circumstances, and that the court erred in denying defendant’s motion to exclude the State’s evidence.
It appears from the evidence that the mother of the children, after being married to defendant for a period of about four years, left his bed and board in Dothan, Houston County, and took the children with her. The record does not specifically indicate any reason for the separation. This separation occurred around the first or the middle of August, 1978. She left her husband not more than two months before the warrant of arrest was issued. After she moved out defendant came after her and tried to get her to come back home. She refused.
The wife testified that her husband paid her $185.00 between the date of the separation and October 6, 1978.
The wife further testified that her mother kept her children and a child of her sister. Eight lived in a rented house with three bedrooms, one of which rooms she and her three children occupied. It had twin beds. The mother, prosecutrix’s sister, and her baby and her niece also occupied the house. They all shared the rent and utilities and paid the mother for baby sitting.
The prosecutrix worked 40 hours per week at $2.65 an hour while the husband (defendant) worked and received $3.40 to $3.65 an hour.
It further appears that neither the mother nor the children drew welfare pay of any kind or food stamps.
The mother testified that her husband’s medical insurance covered the children and that there were no medical bills outstanding. She said the “child” had adequate milk and is still on the bottle.
*354 “Q So, really you are in the same situation now as you were three or four months ago when you were with Cleveland, isn’t that right.
“A Yes, but when I was living with Cleveland, I was still looking for someplace else bigger to stay, yes, and he knew that.”
It appears in the evidence that the prose-cutrix is unhappy because she does not have a home of her own to live in.
The evidence indicates that the mother and her children do not live in discomfort or are in need and want. It is true that they live on a close margin, but no where does it appear that the children are in destitute or necessitous circumstances. The mother could use more money to provide more comforts for herself and three children, but unfortunately they do not have it.
“Q Are your children doing without anything?
“A Right now they just need some winter clothes and stuff, they are eating and sleeping.
“Q What do they need — clothes?
“A Yeah, clothes, but mainly what I need — I need money. I need a house and — I am living with my mother and I can’t put money back and try to get a house of my own, plus pay utilities and stuff like that.
“Q What do the children need?
“A That is what they need — they are going to need that.”
Because of the absence of proof that the children are destitute or in necessitous circumstances as charged, we hold that the judgment should be reversed. Turner v. State, 343 So.2d 591 (Ala.1977). Also the cause should be rendered because of insufficient evidence. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
We might add before closing that we are impressed with the idea that the mother became unhappy and left because the husband would not buy a house of their own.
The judgment is reversed and the cause is rendered. The Court will discharge defendant from this prosecution. Another may be instituted for a subsequent violation.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND RENDERED.
All the Judges concur.