# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMIE SALVADOR PLASENCIA,

Defendant-Appellant.

UNPUBLISHED
April 25, 2017

No.   330498
Wayne Circuit Court
LC No.   14-009668-01-FC

Before:  MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (victim under 13 years old), three counts of CSC I, MCL 750.520b(1)(b)(*ii*) (victim at least 13 years old but less than 16 years old and actor is related to the victim by blood), three counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (victim under 13 years old), and three counts of CSC II, MCL 750.520c(1)(b)(*ii*) (victim at least 13 years old but less than 16 years old and actor is related to the victim by blood).  Defendant was sentenced to 25 to 50 years' imprisonment for three of the CSC I convictions (victim under 13 years old), 23 to 50 years' imprisonment for the remaining three CSC I convictions, and to 3 to 5 years' imprisonment for each of the six CSC II convictions.  We affirm.

This appeal arises out of the sexual abuse of defendant's biological daughter, EP.  EP testified that the abuse began when she was nine years old and continued until she was fourteen years old, at which time defendant was arrested.  The abuse occurred at three separate homes where the family had lived during the period.  On appeal, defendant argues that there was insufficient evidence presented for a reasonable jury to have found him guilty beyond a reasonable doubt of all 12 CSC related charges.  We disagree.

We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction.  *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002).  In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt.  *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).  A jury, and not an appellate court, observes the witnesses and listens to their

testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Defendant was convicted of three counts of CSC I under MCL 750.520b(1)(a), which provides that a "person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person" and "[t]hat other person is under 13 years of age." Sexual penetration with a person under 13 years of age constitutes first-degree CSC, regardless of the victim's consent or experience. *People v Benton*, 294 Mich App 191, 199; 817 NW2d 599 (2011). Defendant was also convicted of three counts of CSC I under MCL 750.520b(1)(b)(*ii*), which provides that a "person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person," the "other person is at least 13 but less than 16 years of age," and "[t]he actor is related to the victim by blood[.]" Sexual penetration is defined by statute as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCL 750.520a(r). Sexual penetration includes an intrusion into the vagina or the labia majora. *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012).

Defendant was also convicted of three counts of CSC II pursuant to MCL 750.520c(1)(a), which provides that a "person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person" and "[t]hat other person is under 13 years of age." He was further convicted of three counts of CSC II pursuant to MCL 750.520c(1)(b)(*ii*), which provides that a "person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person," the "other person is at least 13 but less than 16 years of age," and "[t]he actor is related by blood" to the victim. Sexual contact is defined by statute as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification [or] done for a sexual purpose[.]" MCL 750.520a(q).

When viewed in a light most favorable to the prosecution, the testimony in this case was sufficient to allow a reasonable juror to conclude beyond a reasonable doubt that defendant committed CSC I and CSC II. EP and her mother testified that defendant was EP's biological father. EP recalled that beginning when she was nine years old, defendant began sexually abusing her. Defendant engaged in numerous sexual acts with EP, including rubbing her breasts with his hands over and under her clothing, touching her vagina over and under her clothing, and forcing EP to rub his penis up and down over and under his clothing. According to EP, defendant also, on several occasions, placed his mouth on EP's breasts and vagina. EP additionally testified that, on multiple occasions, defendant engaged in sexual intercourse with EP and would use a sock to clean himself up after ejaculating. On at least one occasion,

defendant also placed his penis in her butt, albeit not in her anus. EP testified that the abuse began when she was nine years old and continued for four years at three different houses. EP was over the age of 13 before she told her mother about the sexual abuse. Defendant only stopped sexually abusing EP after he had been arrested and incarcerated. Based on the foregoing, the evidence was sufficient to prove that defendant committed CSC I and CSC II.

On appeal, defendant specifically argues that because EP failed to be a credible witness, the first elements of CSC I and CSC II, sexual penetration and sexual contact, were not proven beyond a reasonable doubt, and thus, there was insufficient evidence to support his convictions. Specifically, defendant points to several places where EP's testimony was impeached. First, defendant cites to the fact that EP did not previously testify to any abuse at the first address, and even the prosecution was "totally unaware that [EP] would testify that she had been assaulted in three residences and not just two." Defendant also points to EP's testimony where she admitted to lying about the second address having two living rooms. Defendant further claims that EP's "story" about how defendant had sexual intercourse with EP was "factually impossible." Although EP testified that "defendant had sexual intercourse with her in her bedroom at the [second address] while her younger sister slept next to her in the same bed," the mother testified that "four of her children slept in a bedroom at the [second address] in two sets of bunk beds." EP's mother stated that EP and her sister slept in the bottom bunks, not together in the same bed. EP's mother also gave testimony that corroborated her daughter's testimony. For example, the mother testified that when she and defendant would engage in sexual intercourse, after ejaculating, defendant would clean off his penis with a sock in the bathroom. Additionally, EP's mother testified that EP had told her that the sexual abuse had occurred at three residences, not two. Nevertheless, despite some inconsistencies in EP's testimony, this Court cannot substitute its judgment for that of the jury or "interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

Defendant also argues on appeal that there was no physical evidence presented to support his convictions. Specifically, defendant argues that no evidence was presented to establish that any of the blankets or pillows removed from the family home contained his DNA and that the testimony of a doctor who performed a forensic physical examination of EP showed that EP's hymen was still intact, even after years of alleged sexual abuse. However, physical evidence is not required to prove defendant's guilt, as circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. *Carines*, 460 Mich at 757. Further, "[t]he testimony of a victim need not be corroborated in [CSC] prosecutions." MCL 750.520h; see also *People v Brantley*, 296 Mich App 546, 551; 823 NW2d 290 (2012) (holding that a complainant's testimony alone can support a CSC conviction). Additionally, it is a mischaracterization of the doctor's testimony to state that because EP's hymen was intact, she was still a "virgin." In fact, the doctor testified that because EP had reached sexual maturity by the time the sexual abuse began, it was less likely that her hymen would tear during a sexual encounter involving penetration. Additionally, the doctor explained that there are physical signs of repeated penetration only five percent of the time and that it was not unusual for her to have found nothing remarkable during EP's physical examination because over one week had passed since the last instance of penetration. Thus, defendant's argument that there was insufficient evidence to convict him due to a lack of physical evidence is meritless.

Finally, in support of his position, defendant cites *People v Smith*, 260 Mich 486, 489; 245 NW 502 (1932), for the Court's proposition that "[c]onviction by a jury without evidence commands no procedural support, and, when the error is fundamental, manifest, and noticed, such a conviction cannot be permitted to stand." However, *Smith* is readily distinguishable, both factually and legally, and by statute, MCL 750.520h, there necessarily was sufficient evidence of defendant's guilt in this case by way of EP's testimony. Thus, defendant's reliance on *Smith* is entirely misplaced.

Affirmed.

/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly